OPINION of the Court, by
Ch. J. Bibb.
The allegations of error, which are worthy of consideration, 'mV°lve b,Ut three propositions.
1st- That letters testamentary granted in the state of Ohio, are insufficient to maintain an action in the cha-racier of executors in the state of Kentuckv. 2uly. 1 hat a demand, other than the writ, is necessary to the support of an action of detinue,
3dlv. That a slave does no: pass to executors, except m default of personal assets ¡or payment of debts, but descends to the heirs ; therefore, that to maintain deti-n for a siave the executors were bound to aver and ’ - . r i , . and prove a deficiency of otner assets to pay the just debts of the testator.
The first is an abstract proposition, not pertinent to this case. The letters testamentary are not made part of the record by oyer, nor exhibited by any bill of except;on . moreover, the appellant having pleaded to the action of the writ by the appellees as executors, he could not thereafter question their capacity to sue as such.
The second proposition was perhaps supported in some degree by the decision in Cobb vs. Gordon, in 1807; but that point was considered and overruled in Tunstall vs. M’Clelland (a), and the latter opinion has been since followed, as assuredly it should be, since it is conformable to the general principles of the common law which are applicable to the action of detinue. That action goes for the specific thing. If the right of property is in the plaintiff, how can the mere want of a demand in pais of a personal thing, render that thing less the property' of the plaintiff, or change the right of property to another, or transfer the right of possession to the defendant ? A previous demand was never adjudged necessary to an action of “¿⅜⅞⅜” in the debet and de-tinet, and the action of detinue is nothing else than “ debt” in the detinet only'. Property in the plaintiff, and possession in the defendant anterior to the suit, are the material grounds of this action — See Burnley vs. Lambert, 1 Wash. 308—Crazier vs. Gano & ux. (b).
*605 3d. The statute declares that slaves shall be deemed real estate, but under many modifications. Those which, more immediately relate to the present question are these : that slaves are liable to the payment of debts, but not to be sold or disposed of by executors or administrators, unless in case of a deficiency of the personal estate.
By the thirty-seventh section of the act of 1798 concerning slaves — (2 vol. Litt. p. 120) they are made assets in the hands oí the executors, and not in the hands of the heirs. The executor has therefore an absolute right to the possession, his sale would pass an absolute title ; the vendee could not be required to shew that the debts of the testator required the sale, as an essential to his title. And it was resolved accordingly in Stamps vs. Beatty (a). But the distributees are not entitled to distribution, until they respectively secure the executor or administrator that they will refund their proportions of any debts or demands which may afterwards appear against the decedent. Now, this provision might be entirely7 defeated, if the heir or other person was suffered to protect himself against the suit of the executor for the detention of a slave, unless the executor would prove debts to. an amount which would require a sale. But in the interim, the executor would be responsible to the creditors for the value of the slaves which he ought to have taken as assets. But if any doubt could arise upon the before mentioned section, to whom the law considers slaves shall pass after a decease, the doubt is removed by the forty-first section of the act of 1797 concerning wills, &c. and the duties of executors and administrators — (See 1 vol. Litt. 621, § 41) ; which two sections being in pari materia, ought to be taken together. If the testator had devised this slave away specifically, the devisee could not have had the legacy without the assent of the executor.
Upon the whole, it seems to the court that there is no error in the judgment complained of.
Judgment affirmed.

 Ante 1S6.

 Ante 157,

 Har. 337.