LITTLE
ROCK,
Jan'y 1838.

HYNSON
vs.
TERRY.

HYNSON AND WIFE *against* TERRY.

APPEAL *from White Circuit Court.*

To charge a jury, that "from the law of the case the Court is of opinion that the plaintiffs have not made out such a case as will entitle them to recover; but that the facts are with the jury," is *not* such a charging, as to matters of fact, as is prohibited by the Constitution. In this respect, the Constitution has not altered the common law in the slightest degree.

Gifts have no reference to the future, but go into immediate and actual effect. Delivery is essential, both at law and in equity, to the validity of a gift. Without delivery the title does not pass.

Actual delivery cannot be dispensed with, unless the gift be by deed or other instrument of writing.

In this country there is not the slightest difference between real and personal estate, except so far as such difference is created by particular Statutes.

There can be no reservation, condition, or limitation, to a gift, by parole, to take effect in future.

A parole gift, without delivery, is ineffectual, even between donor and donee.

This was an action of detinue, instituted in the Pulaski Circuit Court, by *Hynson* against *Terry*, for a negro boy named *Daniel*, and transferred to White Circuit Court, when White county was created. *Terry* pleaded *non detinet*, and the issue was tried by a jury. The testimony, as embodied in the bill of exceptions, is as follows:

*Morgan Magness* deposed, that about twenty years previous to the trial, in the State of Illinois, his father, *Jonathan Magness*, gave to *Terry* and his wife, (she being a daughter of said *Jonathan*,) a negro girl named *Nancy*, between eight and twelve years of age, with the express understanding that the first child she should have, should be the property of *Eliza*, daughter of *Terry's* wife, and grand-daughter of said *Jonathan;* and that the said witness was called upon to witness this. That *Eliza* and *Hynson* intermarried in 1831, and had issue.

*David Magness* deposed, that the negro girl *Nancy* was not delivered to *Terry* till about eighteen years previous to the trial; at which time he heard nothing said about her first child. That *Daniel*, her first child, was worth four hundred dollars.

*William Terry* deposed, that *Daniel* was *Nancy's* first child, about ten years old, and worth from three to four hundred dollars; and that *Hynson* had demanded him of *Terry*.

*William Cook*, also deposed as to his value.

Upon this state of testimony, the court below was called upon by both parties to charge the jury; and charged them,

LITTLE
ROCK,
Jan'y 1838.

HYNSON
vs.
TERRY.

"That to make a verbal gift valid, there must be a thing in being at the time, capable of being delivered, and an actual delivery must be made." Also, "that a delivery of the girl *Nancy* to *Terry* and wife, was not a sufficient delivery to them as trustees, so as to vest the child of *Nancy*, when born, in *Eliza*, so as to enable the plaintiff, *Hynson*, to recover:" and that "from the law in this case, the court was of opinion, that the plaintiff had not made out such a case as would enable him to recover, but that the facts were with the jury.

The jury found for the defendant, *Terry*, and a judgment was entered accordingly.

*Hynson* then filed his motion for a new trial, with an affidavit that since the trial he had discovered new and material testimony. That his first witness had recollected after the trial, that at the time that the said *Jonathan* gave the girl *Nancy* to *Terry* and wife, he also gave them a mare, with the express agreement, understanding and condition, that the said *Eliza* was to have the first colt the mare might have, and the first child *Nancy* might have. And also, that he believed he had not had a fair trial, whereby justice had not been done.

The motion for a new trial being overruled, *Hynson* appealed; and assigns for error, the overruling the motion for a new trial, and the charge to the jury on all the points abovementioned.

FOWLER, for the plaintiff in error: It is contended, on the part of *Hynson*, that *Magness*, (*Mrs. Terry's* father,) had a right to make a stipulation in behalf of his grand-daughter, to take effect in future; and that such stipulation is binding on *Terry*; and gives a perfect legal right to his grand-daughter, which may be enforced, unless barred by the statute of limitations, which has not been, nor could be, set up as a defence in this case. 1 *Comyn on Contr.* p. 13, 26; 1 *Ch. Pl.* 4.

It is also contended that the title to *Nancy* vested in *Terry*, on delivery by *Magness;* and the right to sue, in *Eliza*, on the birth of *Daniel;* and *Hynson's* right to sue, on his marriage with *Eliza;* and that no *actual* possession by plaintiff is necessary to sustain detinue. 1 *Bibb's Rep.* 186; *Buller's N.P.* 11th p., title *Detinue;* 3 *Com. Dig.* 358; *Steele & McCampbell's Dig.* p. 526, sec. 19, page 210, sec. 12.

It is further contended that the Circuit Court erred in charging the jury on *matters of fact;* and instructing the jury that *Hynson* had not made out such a case as would entitle him to recover. *State Constitution,* article 6, sec. 12, page 16.

LITTLE ROCK, Jan'y 1838.

HYNSON
vs.
TERRY.

HAGGARD, *contra*: The boy *Daniel* was not born till some eight or ten years after the pretended gift. ·

The bill of exceptions does not any where show that all the evidence is set out in said bill of exceptions. See 2 *Littell*, 182, 186; 5 *Littell*, 316, 221. The defendant in error insists that no notice can be taken of plaintiff *Hynson's* affidavit, for several reasons: 1st, It is not incorporated in the bill of exceptions, and should not have been copied in the record. 2d, It exhibits only an experiment by plaintiff, in which he failed, to examine his witness to certain points, and when he ascertained his weak points, attempted to strengthen them. It opens a door for tampering with a witness which the law abhors.

The defendant insists that where justice has been done between the parties so far as the court can see, the verdict should not be disturbed. See 1 *Pirtle's Digest*, 359; 2 *do.* 118, 119; *Johnson's Dig.* 145. For which purpose it is essential that all the evidence should be spread out upon the bill of exceptions, and the record should so inform the *revising tribunal*.

It will be seen that so far as the evidence is spread out, the evidence of *David Magness* goes to counterbalance that of *Morgan Magness*, leaving the evidence equally poised; provided the evidence of *Morgan* alone would furnish a right of recovery.

Again, it no where appears that the defendant, *Terry*, even had the negro *Daniel* in his possession, or *detained him*, or exercised any control over him. The defendant insists that there is no *error* in the charge of the court: for to make a good and perfect gift, there must be an actual delivery of possession at the time. See *Chitty's Ed. of Blk. Com.* vol. 2, page 441–2; *Barn. & Ald.* 551; *Laws of Arkansas* page 527, sec. 24, etc.

It will be seen that from the general principles of law, the delivery of the negro girl to defendant, was a gift, and he could have sold her (and did do so, for any thing the court here can see) at any time; and the plaintiff could not recover from defendant or his sub-purchaser; (especially, without proof that defendant was possessed of *Dan*;) and so the defendant insists, that in any point of view, this court should affirm the judgment of the court below.

This defendant further adds, that it is laid down as a general rule, in the case of *Kingsby & Nichol* vs. *the Bank of the State of Tennessee*, that the court will presume that the evidence was sufficient to author-

LITTLE
ROCK,
Jan'y 1838.

HYNSON
vs.
TERRY.

ize the verdict, unless the party who prays for a new trial shows that all the evidence is in the bill of exceptions. See *Yergers Reports*, vol. 3, page 107.

LACY, *Judge*, delivered the opinion of the court: This is an action of detinue for a slave. The defendant pleaded the general issue, upon which he had a verdict in the court below. The plaintiffs then moved for a new trial, but the motion was overruled; to which opinion they filed their exceptions and appealed to this court. All the material facts of the case are spread upon the record; and the substance of the proof is, that about twenty years ago *Jonathan Magness*, who is the father of the defendant's wife, and grand-father of the plaintiff's wife, gave to his daughter and the defendant, a negro girl by the name of *Nancy*, about eight or ten years old, with the express understanding that the first child the negro girl might have, should be the property of *Eliza Magness*, the present plaintiff's wife. This is all the proof in the cause, except that the slave in controversy is the first child of the negro girl *Nancy*, and that his value is from three to four hundred dollars, and that the plaintiffs made a demand of him before the commencement of this action. To reverse the judgment rendered in the Circuit Court, the plaintiffs assign for error, that the judge who tried the cause erred in overruling the motion for a new trial, and in the instructions given to the jury. It is contended he has charged the jury upon matters of fact which is expressly prohibited by the Constitution. We are unable to see the force of this objection. The judge seems simply to have stated his opinion of the law, and left the matters of fact entirely to the consideration of the jury. It is not only his right, but his duty, to declare what the law is; and the expression in the charge, that "from the law in the case, the court was of opinion that the plaintiffs had not made out such a cause of action as would enable them to recover, but that the facts were with the jury," certainly cannot be so construed as to fall within the meaning or prohibition of the Constitution.

The judge leaves the matters of fact where the Constitution places them, for the consideration and judgment of the jury, and he merely declares his opinion of the law of the case, which he is bound to do under the most sacred obligations of his office, and upon every principle of legal right and constitutional duty. The latter clause of the twelfth section of the sixth article of the Constitution, which says that "Judges shall not charge the jury upon matters of fact, but may

state the testimony and declare the law," does not alter or change, in the slightest degree, the common law on the subject. It only gives its wise and protecting authority, additional sanctity and force. The law, as matter of right, belongs to the court, and the facts to the jury. It is the duty of the court to decide what is competent or legal evidence, and to declare the law that must govern the case. It is the province of the jury to weigh and compare the testimony, and to apply the facts to the principles given them in charge by the court. To make the jurors judges of the law, and the courts judges of matters of fact, is to confound the clearest distinctions of right and wrong, and to put to hazard the life, liberty, and property of every man in the community. Such an experiment would, in almost every case, be followed by the most gross and criminal violation of every principle of natural as well as civil justice.

. It remains now to be enquired whether the court erred in the other charge given. The assignment of errors raises several questions, but they all substantially amount to the same thing, and may be taken up and considered together. The court charged the jury that to make a verbal gift valid, there must be a thing in being at the time it was made, upon which the gift could act, accompanied with actual delivery; and the delivery of the negro girl *Nancy*, to defendant and wife, was not such a delivery as to vest the first child of the negro girl, when born, in the plaintiffs, or enable them to maintain this action. A gift or grant is defined to be "the act of transferring the right and possession of a personal chattel; whereby one man renounces and another acquires all the title and interest therein; (2 *Chitty's Black. Comm.* 441–2;) which may be done by deed or other instrument in writing, or by parole. The civil law considered a gift as a contract, but the common law does not place it on any such ground; "though it would be difficult," CHANCELLOR KENT remarks, "to perceive the reason of the distinction; for an executed grant certainly contains all the essential requisitions of a contract." Ever since the celebrated case of *Ward* vs. *Turner*, 2 *Ves.* 431, it has been held that gifts have no reference to the future, but go into immediate and absolute effect. Delivery is essential, both at law and in equity, to the validity of a gift. Without actual delivery, the title does not pass. In the case referred to, LORD HARDWICKE gave the subject a most profound and elaborate investigation, and the doctrine there laid down has never been questioned since his time. The case of *Tate* vs. *Halbert*, 2 *Ves.*

LITTLE
ROCK,
Jan'y 1838.

HYNSON
vs.
TERRY.

LITTLE
ROCK,
Jan'y 1838

HYNSON
*vs.*
TERRY.
*Jun'r*, and *Irons* vs. *Smallprice*. 2 *Saun. Rep.* 47, (*n*) declares that actual delivery cannot be dispensed with, except the transfer of the gift be by deed or other instrument of writing. And the Appellate Court of Kentucky, in *Banks' administrators* vs. *Marksberry*, 3 *Littell*, 280, 1, 2, say there is no doubt that, to the completion of a parole gift, the delivery of the thing is *essential*, but they apprehend the principle does not apply to a gift by deed or other instrument in writing. That was a case where the party claimed under a deed of gift duly acknowledged and recorded; and of course the point now to be determined was put directly in issue. By the common law, as it anciently stood, personal property was very little regarded, and it was not until modern times it received that just and liberal protection which it now so rightly enjoys. At this day the principle and characteristic distinction in England, between personal and real estate, consists in this, that real estate may be entailed, but personal estate cannot. In our country, since estates intail have been abolished, there is not the slightest difference between the two species of property, except so far as they may be regulated by the particular statutes of the several States on the subject: so that personal estate, as it now stands, may pass by deed or other instrument of writing, duly acknowledged and recorded with a condition or reservation annexed; provided the limitation be not too remote or uncertain to be valid, or not inconsistent with the gift. But there can be no reservation or condition to a gift by parole, to take effect in future. By our statute, passed in 1804, *Dig.* 527, sec. 24, no gift or gifts of any slave or slaves, shall be good or sufficient to pass any estate in such slave or slaves to any person or persons whatsoever, unless the same be by will, duly proved and recorded, or by deed in writing, to be proved by two witnesses, at least, or acknowledged by the donor, and recorded in the county where one of the parties lives, within eight months after the date of such deed or writing. This question was expressly decided in the case of *Pile* vs. *Maulding*, 7 *J. J. Marshall*, 204, and upon a statute of which ours is an exact copy.

The court in declaring their opinion say, that without actual delivery, a parole gift is ineffectual; and even between donor and donee, the title does not pass, unless the deed be duly proved and recorded according to the requisitions of the act. The language of our statute is very similar to 27th *Henry VIII*, c. 16, requiring deeds of bargain and sale to be recorded. And it has never been doubted that a

deed of bargain and sale was inoperative, as between bargainer and LITTLE ROCK, bargainee, unless it was proved and recorded within the time prescri-Jan'y 1838 bed by law. In this instance it is not even pretended that there was HYNSON a deed of gift, or any other instrument of writing, between the donor TERRY. and donees, of the negro girl *Nancy*, much less of the slave in contro-versy. It was simply a verbal gift of the father to his daughter and son-in-law, accompanied with actual delivery of the possession; and of course all the right, title, and interest the donor had to the slave and her increase, passed to and vested absolutely in the present de-fendant. The condition that was annexed to the gift was by parole, and the law is clear that no limitation or reservation can be raised or created unless by deed duly proved and recorded. The necessity of delivery is so essential to the validity of a gift, that it is no longer regarded as a rule, but as a maxim; and the courts have in no in-stance dispensed with it. There must be an actual delivery accom-panied by possession, if the gift be by parole; and if by deed, the execution of the deed constitutes the delivery, and it takes effect by way of relation.

The case now under consideration does not even assume the ap-pearance of a valid or legal gift. It was a mere parole promise to operate upon a future and contingent interest, which could not, in the nature of things, be delivered; for it was not then in being, and of course no title or interest of the slave in question could be passed or vest in the plaintiffs, without a deed or other instrument of writing duly proved and recorded. There can be no condition or limitation to a parole gift; and as none was produced, or shown to exist, the Circuit Court decided correctly in charging the jury that the plaintiffs had not made out such a cause of action as would entitle them to a recovery.

The judgment of the court below must therefore be affirmed, with costs.