FERGUSON
*vs*
ALCORN *et al.*

thing else ap-
pearing—in such
cases he whose
capital is service
is not liable for
any part of the
money capital of
the other lost in
the adventure.

---

CHANCERY.

Case 52.

December 22.

Absolute gift of
a slave to the
wife vests the
property in the
husband.

# Ferguson *vs* Alcorn *et al.*

ERROR TO THE CHRISTIAN CIRCUIT.

*Femes covert.     Tenancy for life.     Vested remainder.*

JUDGE EWING delivered the Opinion of the Court.

If the gift of Cass to Sarah Lusk, by her father, McElwain, was an absolute gift, in fee, her husband, Furguson, could not sustain his bill, as his remedy was complete at law: but though the parol testimony tends to the conclusion that Cass was placed in the possession of Mrs. Lusk, and brought to the county of Livingston, some days before the date of the deed of gift in South Carolina, there being no circumstances to fix the attention or revive the recollection of the witnesses as to the precise time, and the deed of gift having been executed and recorded in South Carolina, about the time of the visit of Mrs. Lusk to that state, when she brought the girl home with her, we must conclude that the deed was executed at or about the time that possesion was delivered

to her, and contains the true terms of the gift. If so, as Mrs. Lusk had six children, three by her first husband and three by the complainant, three of whom died before her death, without issue, if the deed passed to the children a *vested* remainder, the interest of each, at his or her death, descended to the mother and surviving brothers and sisters, and the husband, the complainant, surviving the wife, and being in possession at her death, is entitled to the interest in remainder, which descended from each of the children so dying, in her lifetime, and for such interest, might maintain his bill for a partition, or sale, for the purpose of a division.

The question, therefore, arises upon the deed, whether the provision in favor of the children is a *vested* remainder.

The deed, after conveying the negro girl Cass, to Sarah Lusk, the daughter of the donor, contains the following *habendum*: "To have and to hold the said negro girl, and all her future increase, to her the said Sarah Lusk, for and during the time of her natural life, to her only use and behoof, and at her death, the said negro girl and all her increase, *to be equally divided* among the children of my said daughter, their heirs and assigns forever."

We think the words "to be equally *divided* among the children," &c. looking to the object and import of the deed, imply not only a direction for a *division*, but a *transfer* of the remainder in the slave, to *all* the *children* of his daughter. To *be divided*, must be construed to mean *to go to* and be *divided* among them for the following reasons:

1st. It is evident that the donor intended to part with his whole fee simple interest in the slave, and it is not to be presumed that he intended the interest in remainder to be in abeyance during the life of his daughter.

2d. He was moved by the consideration, and it is to be presumed, intended to provide for all the children of his daughter, and for the *issue* of those who might die in the life of the mother; and had he intended to provide for those only who survived her, he would have directed the division to be made among those who might be *living* at her death.

A gift of a slave to a *feme covert,* "for and during her natural life, to her seperate use, and at her death' to be equally divided among her children and their heirs & assigns forever," passes an estate for life to the *feme* and a vested remainder in all her children—& if any child die without issue during the continuance of the life estate, his or her interest vests in the mother, & brothers and sisters surviving.

3d. The words used in the latter clause of the deed, "their heirs and assigns forever," might have been inserted with a view to provide, not only for the children that might be living, but also the *heirs* of those who might die in the life of the mother; though we admit that they may be susceptible of a different interpretation, and may have been inserted for a different object, namely, to express the fee simple quality of the estate left to the children.

Interest of a deceased child in slaves, vesting in a *feme covert*, vests absolutely in her husband—and Chancery will entertain his bill for division.

For these and other reasons we are satisfied that the remainder to the children vested in the first child, and opened and revested in each of the children successively, as they were born. And the interest which the mother inherited from the child so dying without issue, survived to the husband, and for that interest his bill should have been sustained.

But as it appears that he remained in the possession of both slaves, Cass and her son, and enjoyed their entire profits, for some four years after the death of his wife, the reasonable value of their hire, whilst they remained in his possession, also the value of their hire from the time they came into the possession of Alcorn up to the final decree, should be ascertained and assessed against each, and the amount divided among those entitled to the slaves, and according to the interest of each in the same.

The other claims and demands between the complainant and defendant, Alcorn, should also be liquidated and closed, and if there be a balance found against the defendant, a decree should be rendered in favor of the complainant, for the sale of so much of the interest of Alcorn, in the slaves, as will pay the same, or such other order taken as may be necessary to satisfy the same.

And to this end, and for the foregoing reasons, the decree of the Circuit Court is reversed, and cause remanded, that further proceedings may be had, not inconsistent with this opinion, and the plaintiff in error is entitled to his costs in this Court.

*C. S. and J. T. Morehead* for plaintiff: *Cates & Lindsey* for defendants.