## Johnson v. Inter-Southern Life Insurance Company.

(Decided May 20, 1932.)

STANLEY B. MAYER for appellant.

WOODWARD, HAMILTON & HOBSON for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

On June 8, 1928, the Inter-Southern Life Insurance Company issued and delivered to appellant, Edward A. Johnson, who was the plaintiff below, an accident insurance policy by the terms of which it agreed to insure Johnson for a term of twelve months from the date of the policy against death or disability resulting directly, independently, and exclusively of all other causes from bodily injuries effected solely through external, violent, and accidental means. For the loss of one eye resulting from an accident it agreed to pay him the sum of $1,250, provided such loss resulted within 30 days from date of accident. The policy further provided that "loss of eye

or eyes shall mean the irrecoverable loss of the entire sight thereof.''

Johnson was injured in an automobile accident on July 4, 1928, and he brought this action to recover $1,250, alleging in his petition that as a result of the accident he lost the practical use and sight of his left eye and that such loss was entire and irrecoverable. The trial court sustained a demurrer to the petition, and the plaintiff having declined to plead further, a judgment was entered dismissing his petition and he has appealed.

Plaintiff alleged in his petition:

"That as a result of the injuries brought about as aforesaid, and within 30 days of the 4th day of July, 1928, he entirely and irrecoverably lost the practical use and sight of his left eye and that such entire and irrecoverable loss of the practical use and sight of his left eye resulted directly, independently and exclusively of all other causes from bodily injuries effected solely through external, violent and accidental means, and while this plaintiff was riding in an automobile not plying for public hire.''

It is argued by the appellee that this and similar allegations of the petition are merely conclusions of the pleader, since no facts are alleged showing to what extent the sight of his eye was impaired or diminished and that the demurrer to the petition was properly sustained. The petition evidently was drawn in an effort to bring the case within the rule announced in Continental Casualty Co. v. Linn, 226 Ky. 328, 10 S. W. (2d) 1079. In that case the policy contained a clause similar to the one here involved and the evidence disclosed that the insured as the result of an accident had lost the sight of his eye to the extent that he could barely distinguish light from darkness and indistinctly discern an object two or three feet distant. It was held that under these facts the insured had entirely lost the practical use of his eye which was equivalent to "the irrecoverable loss of the entire sight thereof'' as that term was used in the policy. In the Linn case the plaintiff alleged that he had lost the entire sight of his eye. The allegation was in the language of the policy and was clearly one of ultimate fact. In that case the term, "irrecoverable loss of the practical use and sight of the eye,'' was construed as equivalent to the term, "irrecoverable loss of the entire sight

of the eye." That being true the allegation of the petition in the instant case is just as much one of an ultimate fact as was the allegation in the Linn case. In their final analysis the two allegations are the same and require the same character of evidence to sustain them.

Facts, and not conclusions of law, must be pleaded, but it is sufficient to plead ultimate facts as distinguished from probative facts. The latter are merely matters of evidence required to prove the ultimate facts and should not be pleaded. Newman's Pleading and Practice (3d Ed., vol. 1, pp. 272-279; Lowe v. Miller, 104 S. W. 257, 31 Ky. Law Rep. 829. If plaintiff had alleged that he could barely distinguish light from darkness or could only discern objects a few feet distant, he would merely have pleaded evidentiary facts tending to establish the resultant or ultimate fact that he had irrecoverably lost the entire practical use and sight of his eye.

The petition stated a cause of action, and the trial court erred in sustaining the demurrer thereto.

The judgment is reversed, with directions to overrule the demurrer to the petition.