# Bertram v. Bradley

(Decided Feb. 15, 1935.)

E. BERTRAM for appellant.

DUNCAN & DUNCAN for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The appellant and defendant below, Oakley Bertram, owns a tract of land in Wayne county which he acquired in 1926. A former owner of it gave an oil lease on it in 1901, and which was followed by efforts of development of the lease until about 1920, when it seems to have been abandoned by the then owner of the leasehold interest. Prior thereto some of the machinery, and some other property used in connection with the development, was gathered up and stored in a building erected for the purpose at an agreed point upon the leased land. This was done under an arrangement between the then owner of the property and the then owner of the lease, one Lincoln Cox, in consideration of a stipulated rental to be paid monthly for the storing privilege. The vacuum pumps, engine, tank, and other property which was put into the building remained therein up to the conversion thereof by defendant. That act on his part is the subject-matter of this litigation; he having become the owner of the land by purchase in 1926, as we have previously stated. In 1933 he sold the stored property to another and appropriated the proceeds to his own use. It had been previously purchased by appellee, and plaintiff below, from the owner in 1927,

after defendant became the owner of the land upon which the property was stored and the leasehold existed.

This action was later filed by plaintiff against the defendant to recover the value of the property at the time it was sold upon the ground that he had wrongfully converted it. The defense was a denial of plaintiff's ownership, and of a wrongful conversion, with an affirmative allegation that defendant was the owner of the property at the time he sold it, and consequently had the right to dispose of it as he wished. Following pleadings made the issues and upon trial the jury under instructions of the court returned a verdict in favor of plaintiff for the sum of $800, for which judgment was rendered. Defendant's motion for a new trial was overruled, and from the judgment pronounced on the verdict he prosecutes this appeal.

It is first insisted that a material part of the answer as amended was not controverted and which consisted of a recitation of the facts from which defendant claimed to become possessed of the title and which, as previously stated, was and is that the lease became abandoned by the lessee and that he left the involved property thereon for an unreasonable length of time after such abandonment, and which defendant contends had the effect in law to divest the lessee of title thereto and put it in him. It is strenuously argued by learned counsel for defendant that a failure to deny that part of his defensive pleading compels a reversal of the judgment, but with which contention we do not agree.

An unqualified allegation of title to or ownership of property involved in litigation is the statement of a fact and not a conclusion, as we expressly held in the case of Louisville & N. R. Co. v. Scomp, 124 Ky. 330, 98 S. W. 1024, 30 Ky. Law Rep. 487. There is nothing in any of the cases digested in 8 (11) of volume 15 of West's Kentucky Digest, under the heading of Pleading, to the contrary. We have examined those cases and find that the pleading held to be defective contained averments negativing the broad allegation of ownership or title. The pleading in the Scomp Case, supra, contained no such modifying contradictory allegations, and we held that the allegation of title and ownership therein was not the averment of a conclusion but of a fact. That being true, it follows that the unresponded to allegations of defendant's answer herein were but

the statements of his evidence in support of his denial that plaintiff owned the controverted property and the proof of his averment that he did not wrongfully convert it because he himself owned it. Such pleading of evidence need not be responded to by the adverse litigant. See Newman's Pleading and Practice, Revised Edition by Du Relle and Caldwell, secs. 401 and 403. Also, see Civ. Code Prac. secs. 115, 119, and the cases of City of Princeton v. Baker, 237 Ky. 325, 35 S. W. (2d) 524; War Fork Land Co. v. Carr, 236 Ky. 453, 33 S. W. (2d) 308; and Johnson v. Inter-Southern Life Ins. Co., 244 Ky. 83, 50 S. W. (2d) 16.

It follows, therefore, that the undenied allegations were nothing more than pleading of defendant's evidence to prove plaintiff's want of title and of his alleged title. He had already denied the plaintiff's title to the property and asserted his own title thereto, and it was entirely unnecessary to plead his evidence, which he contended was consequential upon the lessee's failure to remove the property within a reasonable time after abandoning the lease, and which contention is sustained by some courts but denied by others. We disallowed it in the case of Duff v. Bailey, 96 S. W. 577, 29 Ky. Law Rep. 919, but in the later case of Patton v. Woodrow, 198 Ky. 85, 248 S. W. 226, a contrary position seems to have been asserted, though no reference was made therein to the prior Duff Case. Those two cases are the only ones cited by counsel, and the only ones we have been able to find in which the point was raised. This produces a confused condition of our views upon the question, but which it is unnecessary for us to attempt to correctly solve in this case, since the facts indisputably show an entirely different relationship between the parties than that of mere lessor and lessee. Plaintiff proved without contradiction, and which was admitted by defendant, that the original storage of the property at the place and in the manner indicated was pursuant to an agreement between the then owner of the land, occupying the position of lessor, and the then owner of the stored personalty, and which arrangement created the relationship of landlord and tenant or that of warehouseman and depositor, and had the effect to destroy all rights that might have flowed from the sole relationship of mere lessor and lessee.

But it is insisted that defendant some time in 1931

754

wrote plaintiff, who was then in Los Angeles, Cal., complaining that no rent had been paid to him and that he would in the future decline to accept the original rental agreed upon and demanded $5 per month thereafter, and stating that, unless the latter rate was accepted within a named fixed period, its writer would assert ownership to the property. Plaintiff's reply to that letter expressed surprise at its contents and informed defendant that he (plaintiff) had not theretofore learned that defendant had become the owner of the land, and, in substance, insisted upon a continuation of the rental as originally agreed upon. However, it nor any prior rental was ever paid because plaintiff was insisting that defendant was indebted to him in a sum equal to or more than the accumulated rentals, growing out of some relationship enterprise in which they had formerly engaged, and for which reason payment was withheld until such matters were settled, and which was later done and defendant was found to be indebted to plaintiff, but only in a small amount. But, however that may be, it is clear that under that rental arrangement for the storage of the property the most that defendant could assert against it was a lien for his past-due rental, and which he could enforce only in the manner provided by law. It amounted at the time of the conversion by him of the property to only $63; and the court directed that the verdict returned against him be credited by that amount. Plaintiff has not prosecuted a cross-appeal, although the testimony shows that the converted property was worth much more than the amount of the verdict, and counsel for defendant is not contending that it is excessive.

We, therefore, conclude that no legal cause has been shown why the judgment should be disturbed, and it is accordingly affirmed.