HOING *v.* RIVER VALLEY GAS COMPANY.

4-5264

Opinion delivered November 21, 1938.

*Reynolds & Maze*, for appellant.
*Arnett & Shaw*, for appellee.

BAKER, J. River Valley Gas Company filed a suit in replevin on August 12, 1937, to recover possession of seventy-five joints or pieces of pipe of the alleged value

of $1,200. The pipe was seized under an order of delivery, and, the appellant failing to make a bond, was moved by the appellee. Before trial the appellant filed an answer and cross-complaint in which he sued for the value of the pipe. The cause was submitted to the court sitting as a jury, and the issues were decided in favor of River Valley Gas Company. Mr. Hoing has appealed.

While there are several assignments of error in the motion for new trial all of them are directed to the one proposition that the evidence is insufficient to support the judgment. The evidence offered upon this trial is to the effect that River Valley Gas Company was engaged in distributing gas, that it was the owner of 7-inch pipe which had been moved to a lease and placed on the land of Mr. Hoing, where the company was putting down a well; that it remained there from about 1930. The company has sold the pipe for $1,200, since the recovery of possession in this suit.

Hoing testified that he had leased this land to the Blackwell Oil & Gas Company; that at the point where this pipe had been piled or stacked, he had been prevented from cultivating the land. He had made no demand that the company or its officers move the pipe. The pipe had been left on cultivated land. The pipe in the well had been removed, and the derrick was removed. He denied that he had agreed to accept $100 for the use of the land on which the pipe had been placed. He did not remember what had been paid him for the surface damage when the company was at work putting down the well. They just left it there, nothing was ever said about it until the truck came to get it.

In rebuttal, it was shown that pipe was left there intending to be picked up when they were ready to move it to another location. Though it remained there for a period of seven years, it was never, in fact, abandoned. The assignment of the Blackwell Oil & Gas Company's lease was shown. A witness testified that there was a conversation with Mr. Hoing in which he was offered the $100 for the rental. Later he decided not to rent it for the $100, which was tendered to him when they went after the pipe, though Mr. Hoing stated to the witness at

that time that he had offered to accept that amount, but had changed his mind..

The foregoing is substantially all the evidence. There is no dispute that at the time the pipe was placed upon the land it belonged to the appellee. The only contention now to be settled is whether by lapse of time the appellee lost title, and it was acquired by the appellant. Whatever disputed questions of fact there are in this case have been settled by the trial court in favor of the appellee, and a decision of the trial court has the force and effect of a verdict by a jury; so to support this judgment we must indulge whatever conclusions of fact may arise from the evidence as well as the strongest inferences deducible therefrom.

Mr. Hoing does not contend that he ever made claim to this pipe prior to the time the company sent its truck to remove it. Considering his testimony, together with that of other witnesses for the appellee, it may be said that he recognized the title of the appellee, but claimed that he was entitled to rentals for the use of land upon which the pipe had been placed; that $100 was satisfactory. This amount was tendered, and when he refused to accept it was paid into court. True, Mr. Hoing denied this recognition of appellee's title, but even if his contention were true, under the authorities, we think his claim to right of possession is unsound and cannot be maintained.

On account of the lack of authority presented for consideration, we assumed that we were treading upon what appeared to be virgin ground, and were about to announce a new or first impression decision.

Appellant cites *La. Oil Ref. Co.* v. *Haltom,* 188 Ark. 117, 64 S. W. 2d 98. That case was founded upon a contract in the lease to the effect that "lessee shall have the right at any time to remove all machinery and fixtures placed upon the premises including the right to draw and remove casing." It is there held that that right of removal must be exercised within a reasonable time, and that a failure to do so would result in the forfeiture of lessee's right to the property which would thereafter be considered a part of the realty, and the title

thereto be vested in the lessor. There is no dearth of authority on that proposition. That has been the law of trade fixtures for a long time. It seems to be, however, that though trade fixtures may be removed at the time of the expiration of the lease or rental contract, if not so removed, they assume the aspect of their appearance, a part of the realty. In conformity with this rule which is the same as announced in the above cited case from our own court, we find *Kentucky Block Cannel Coal Co.* v. *Stacey,* 266 Ky. 59, 98 S. W. 2d 61. In that case there is a somewhat extended discussion of the removal of fixtures.

In the same line of authorities is that of *Bain* v. *Graber,* 271 Ky. 393, 112 S. W. 2d 66. This case, like *La. Oil Ref.* v. *Haltom, supra,* is one covering the law of fixtures, and we think is not applicable to the case under consideration for the reason that the pipe, subject to controversy, may not be treated, under the facts here presented, as fixtures, nor was the property involved in the case of *La. Oil Ref. Corp.* v. *Haltom, supra,* treated in any other manner except as fixtures.

So, also, is the case of *Paton* v. *Woodrow,* another Kentucky case, 198 Ky. 85, 248 S. W. 226. The first case we find in that kindred jurisdiction, involving the question of storage of personal property on the land of another than the owner, is that of *Bertram* v. *Bradley,* 257 Ky. 751, 79 S. W. 2d 197. In that case piping and machinery were stored. They were left there for a long time. The owner of the land upon which they were stored assumed control of this merchandise or machinery and sold it. He was then sued for the conversion, and his defense was the same as that presented by appellant in this case. Without quoting from the decision it may be said that the court decided that the relations of the parties were more nearly that of landlord and tenant or of a warehouseman and depositor, and rights were determined accordingly, and their mutual obligations did not depend solely upon the proposition of the relation of the lessor and lessee in an oil or gas lease. In that case a recovery of the property was permitted with the credit in favor of the landowner for rentals. It seems that this

case has been treated in exactly the same manner. Instead of the parties having their rights determined solely as a lessor and lessee of an oil or gas lease, they have been regarded as they, no doubt, considered themselves, as under the correlative obligations of a landlord and tenant, or as warehouseman and depositor. We have already seen that the landowner made no claim to the property until it was ready to be moved. At first he was willing to accept rent, but declined it when it was offered him.

In this country, there is not the slightest difference between real and personal estate except so far as such difference is created by particular statutes. *Hyson* v. *Terry*, 1 Ark. 83.

It had frequently been held that the possession of wild and unoccupied lands follows the title. *Kelly* v. *Laconia Levee Dist.*, 74 Ark. 202, 85 S. W. 249, 87 S. W. 638; *St. Louis Refrigerator & Wooden Gutter Co.* v. *Thornton*, 74 Ark. 383, 86 S. W. 852; *Chancellor* v. *Banks*, 92 Ark. 497, 123 S. W. 650.

The statute of limitations is not pleaded and not involved.

The judgment is correct. Affirmed.