McLeon *v.* Wells.

4-7354 180 S. W. 2d 325

Opinion delivered May 22, 1944.

*H. T. Rogers* and *J. Bruce Streett,* for appellant.

*L. B. Smead,* for appellee.

McHANEY, J. Appellant is the lessee of a 20 acre oil and gas lease in which appellee is the lessor, being W½ S. E., N. W. 24-15-17, Ouachita county, dated March 11, 1924, on which is located an oil well which has produced oil and gas daily throughout the life of the lease and until December, 1941. The lease is the usual 88 Form and provides that the lessor shall have gas free of cost from any wells on the property for domestic purposes, by making his own connection at his own risk and expense. It also provides that the lessee shall have the right at any time to remove the machinery and fixtures placed on the land, including the right to draw and remove casing, and that it shall remain in force as long as oil or gas, or either of them, is produced from the land. Only one well was drilled on this lease and it produced oil until December, 1941, during which month the last oil was produced and run therefrom. The appellee had laid a gas line from the well to his residence and has been, at all times, receiving gas free of cost from the well. The well has been a pumper in order to produce oil, but the gas flows whether oil is being pumped or not. Appellant ceased to operate the well for oil in December, 1941, but left his machinery and equipment located on the property, and not being in immediate need thereof and not desiring to deprive appellee of the use of the gas, which would result if the casing were pulled, left his property there until such time as he needed same for use elsewhere. In December, 1942, he notified appellee that he needed his equipment to use on another location and that the latter should arrange to get gas elsewhere. Shortly thereafter appellee brought this action to enjoin appellant from removing his property off the lease, stating that appellant was preparing to remove said casing, tubing, rods and other personal property from said lease, and that since he was using the gas from said well, it

would cause him irreparable loss and damage, for the recovery of which he had no adequate remedy at law. The answer admitted the execution of the lease and denied all other allegations.

A temporary restraining order was granted which on a trial was made permanent, the lease cancelled and this appeal followed.

For a reversal, appellant contends, first, that, since the lease by express terms provided it should remain in force for a term of five years, "and as long thereafter as oil or gas, or either of them, is produced from said lands by the lessee," and since gas is still being produced therefrom, the lease is still in force and effect and the court erred in cancelling same. No gas has ever been marketed from said well and we think the clause above quoted has reference to the production of oil or gas, or either of them, in commercial quantities, and not merely a sufficient quantity for domestic use of the lessor. Moreover, it is questionable whether the gas flowing from the well is "produced—by the lessee," or whether by the lessor who installed his own pipe line from the well. The fact that appellant sought to remove the equipment is evidence of an intent to abandon.

Second. The real issue in the case is the right of appellee to deprive appellant of his equipment and personal property located on the lease, including the casing, machinery, tanks, etc. We assume for the purpose of this opinion that appellant abandoned the well either in November or December, 1941. The lease provides: "Lessee—shall have the right at any time to remove the machinery and fixtures placed on said premises, including the right to draw and remove casing." This clause is exactly the same as that construed in the case of *Louisiana Oil Refining Corp.* v. *Haltom,* 188 Ark. 117, 64 S. W. 2d 98, which was a suit in replevin by lessee against lessor to recover the equipment on the lease, involving a period of 14½ months from the date of the alleged abandonment of the well to the date of attempted removal. In that case the late Judge BUTLER, speaking

for the court, said: "It seems to be the rule, supported by authority and reason, that this clause should be construed so as not to give the lessee an indefinite length of time to remove his equipment after expiration or abandonment of the lease, but that the right reserved to move the equipment must be exercised within a reasonable time, and a failure to do so would result in the forfeiture of the lessee's right in the property which would thereafter be considered as a part of the realty and title thereto vested in the lessor," citing a number of cases from other jurisdictions to support the statement. The rule stated appears to be based on the holding of the cases generally that the delay in removing the equipment worked an injury or detriment to the lessor. In that case, the well was located in the middle of a cotton field and it was held that something more than the actual ground occupied must be considered,—the right of ingress and egress to and from the well over the cultivated lands of the lessor, and the fact of possibility of drainage by another well nearby. From all of which the court was unable to say as a matter of law that no injury was sustained by the lessor. In *Hoing* v. *River Valley Gas Co.,* 196 Ark. 1165, 121 S. W. 2d 513, it was held that the lessee was entitled to recover pipe stored on lessor's land covered by lease, for seven years, where appellant made no claim to the pipe until appellee sought to remove it.

In the case at bar there is no contention that the delay in removing the equipment, 12 or 13 months, or whatever it was, worked any injury to appellee, but on the contrary worked to his advantage by reason of his continued use of the gas from the well; nor is it contended that appellee ever asserted any right of ownership in the equipment until appellant advised him in December, 1942, he was preparing to remove it. It was undisputed that the pulling of the casing would deprive appellee of the use of the gas, and it appears that appellant's delay was caused in part at least by his disinclination to deprive appellee of the gas. The well was located, not on appellee's cultivated land, but in the woods, about one-fourth mile from his home. Mere delay without consequent in-

jury is not sufficient to work a forfeiture, and we think the learned chancellor fell into error in this respect. Just what is a reasonable time in which to remove equipment is dependent on the facts and circumstances in each particular case.

The decree will be reversed and the cause remanded with directions to dissolve the injunction and to dismiss appellee's complaint for want of equity, in so far as it relates to appellant's right to remove his equipment.