DELK *v.* CRAIG.

5-2716                                           357 S. W. 2d 522

Opinion delivered May 28, 1962.

*McKay, Anderson & Crumpler,* for appellant.

*William I. Prewett,* for appellee.

SAM ROBINSON, Associate Justice. The issue here is whether the lessee of an oil and gas lease waited an unreasonable length of time after abandonment of the lease to attempt to remove from the premises personal property (trade fixtures) used in operating the lease, and whether by reason of such length of time the lessee has lost title to the personal property.

In 1938 H. A. McWilliams, owner of the land, executed an oil and gas lease to J. E. Childers. In 1948 Childers assigned the lease to the Hassie Hunt Trust (hereinafter called Hunt). Hunt operated the lease, producing oil or gas until March or June, 1960. We do not think that in the circumstances it is material whether March or June was the last month of production. In any event, Hunt continued to have an employee look after the property and in February, 1961, for the consideration of $4,250.00, assigned the lease to Arthur Arnold. After making an investigation, Arnold reached the conclusion that the well on the property could not be operated at a profit and decided to abandon it.

On June 6, 1961, Arnold employed appellee, Marshall Craig, to pull the pipe and remove the "trade fixtures" from the premises. Craig moved the heavy equipment necessary for the job to the location of the well, but was prevented from carrying out his contract to remove the trade fixtures from the land by the action of appellant who obtained a temporary injunction prohibiting the removal of such property.

On the 24th day of May, 1961, H. A. McWilliams, the landowner, executed to appellant, Mardrey S. Delk, an oil and gas lease on the property. When the "casing pulling contractor", Craig, attempted to remove the trade fixtures from the property on June 6, 1961, appellant, Delk, filed this action and obtained a restraining order. Craig answered, denying that he was wrongfully removing the personal property and alleging that he had been damaged in the sum of $2,500.00 by the issuance of the restraining order.

After a trial on the merits, the Chancellor held in favor of Craig on the complaint, and awarded him $300.00 damages on the cross-complaint. Delk has appealed.

We cannot say the Chancellor's decree is contrary to a preponderance of the evidence. In 3 Summers Oil and Gas 453, it is said: "It is a well-settled rule that casing in wells, derricks, engines, and other machinery and appliances placed upon the land by the lessee for testing, developing and operating the land for oil and gas purposes are trade fixtures. They may, therefore, be removed at any time during the existence of the lease, or within a reasonable time after its termination. If they are not so removed, they become the property of the landowner."

The lease, executed in 1938, was for a term of ten years and as long thereafter as oil or gas was produced. According to the undisputed evidence, the well was operated as a producer until March or June, 1960. At that time a vital piece of machinery, necessary to the oper-

ation of the well, broke. It was then that the well was shut down, but Hunt's paid employee looked after the property every day.

In February, 1961, for the consideration of $4,250.00, Hunt assigned the lease to Arthur Arnold. It does not appear that Arnold paid such a substantial sum for the lease for the purpose of abandoning the well. On the contrary, there is evidence that he bought it with the idea of producing oil, but reached the conclusion that profitable oil production was not feasible. It was only then that he decided to abandon the well and made the contract with Craig to remove the trade fixtures. In *Ezzell* v. *Oil Associates,* 180 Ark. 802, 22 S. W. 2d 1015, the Court said: "The question of abandonment or not is a mixed question of law and fact, and each case must depend upon its own particular facts and circumstances. The intention of the lessee cannot be gathered from any statement of his alone. It must be determined from his intention as shown by his acts and conduct."

In *McLeon* v. *Wells,* 207 Ark. 303, 180 S. W. 2d 325, the Court pointed out that the lessee has a reasonable time to remove his equipment from the leased premises after abandonment, and what is a reasonable time depends on the facts and circumstances of each particular case. One of the things to be considered is whether the landowner has been damaged by the failure to remove the trade fixtures. Here, it is argued that McWilliams was damaged by being unable to raise pine trees at the site of the well because a small area was occupied by the personal property involved. We do not think there is any substantial evidence that McWilliams was damaged to any extent by reason of the trade fixtures not being removed sooner. In fact, McWilliams is not a party to this litigation, and there is no evidence that Delk was in any manner damaged.

The Chancellor awarded Craig $300.00 as damages, occasioned by the issuance of the temporary restraining order. The evidence fully sustains a finding that Craig was damaged to the extent indicated. Craig sub-

mitted an itemized statement showing damages of more than $1,000.00 caused by being prohibited from carrying out his job of pulling the casing and removing the trade fixtures from the land. The evidence would sustain an award of a good deal more than $300.00.

Affirmed.

McFADDIN, J., not participating.