**BOND INVESTMENT CORPORATION, Plaintiff,**

v.

**DYNASTY OIL COMPANY; Dossie Dews and Judy Dews, his wife; Kim Johnson; James Earl McMillin; James C. Bobo, Sr. and Ora P. Bobo, his wife, Defendants.**

Civ. No. 88–4079.

United States District Court,
W.D. Arkansas,
Texarkana Division.

June 28, 1989.

William J. Wynne, Cumpler, O'Connor & Wynne, El Dorado, Ark., for plaintiff.

Tim A. Womack, P.A., Camden, Ark., for Dynasty Oil Co., Dossie Dews, Judy Dews, Kim Johnson and James Earl McMillin.

Charles M. Walker, Wilson, Walker & Short, P.A., Hope, Ark., for James C. Bobo, Sr. and Ora P. Bobo.

## MEMORANDUM OPINION

MORRIS SHEPPARD ARNOLD, District Judge.

The instant case comes before the court on a stipulated factual record. In 1979 defendants James and Ora Bobo, who own certain lands in Hempstead County, Arkansas, executed an oil and gas lease covering such land. On May 16, 1984, the lessee's interest was assigned to Randy Ratliff. The original lease and the assignment are both recorded (JS ¶¶ 3, 10).[1]

Ratliff stopped producing oil in July, 1985, his last sale was in November, 1985 (Exhibit 8), Mr. and Mrs. Bobo received their last royalties from him in December, and his license to produce oil was cancelled on March 14, 1986. After abandoning the well, Ratliff left miscellaneous drilling equipment at the site of the well. On December 22, 1986, Ratliff and his wife Kendra filed a bankruptcy petition. The Ratliffs did not originally list the drilling equipment as assets in their bankruptcy petition, but did so in a supplement filed on February 20, 1987. The Ratliffs failed, however, to give defendants notice of the bankruptcy petition, or to list them as creditors.

On February 10, 1988, Mr. and Mrs. Bobo purported to sell the relevant equipment to defendant Dossie Dews (Exhibit 13) who leased the oil field which was formerly leased by Ratliff. Dews immediately began drilling, and later assigned his interest in the lease to defendants Dynasty Oil Company, Johnson, and McMillin (Exhibit 18). On March 15, 1988, Paul H. Davidson, trustee of the Ratliffs' estate, purported to sell the same drilling equipment to plaintiff. Plaintiff immediately told defendants that it owned the drilling equipment, and defendants responded by suggesting that plaintiff file suit.

On August 2, 1988, plaintiff filed the instant complaint, alleging that the March 15, 1988 sale was valid and that it was entitled to ownership of the drilling equipment and the reasonable rental value of such equipment.

## I.

The relevant oil and gas lease (Exhibit 1) provides that "[l]essee shall have the right at any time to remove all machinery and fixtures placed on said premises, including the right to draw and remove casing." Under Arkansas law, however, if a lessee does not remove his equipment within a reasonable length of time after the termination of the lease, it becomes the property of the landowner. The theory is one of forfeiture, not abandonment or accretion, and is meant to encourage the removal of equipment so that it does not prove an incumbrance to the owner of the fee. *See, e.g.,*

---

1. JS = Joint Stipulation of Facts
   PB = Plaintiff's Brief

DB = Defendants' Brief
DRB = Defendants' Reply Brief

*Delk v. Craig,* 235 Ark. 200, 357 S.W.2d 522 (1962).

There is no evidence that Ratliff, or indeed his trustee's assignee, ever attempted physically to remove the relevant equipment from its site. As noted above, however, in March of 1988 plaintiff asserted its ownership rights and defendants indicated their disagreement in such a way that would have made a physical attempt of removal by plaintiff futile. The inquiry therefore reduces itself to whether the period between July, 1985, when production, and therefore the lease, ceased, until March, 1988, constituted a reasonable time as that phrase is used in this context.

The appropriate period of delay is "determined in the light of all of the surrounding circumstances and is not determined by the passage of time alone." 4 E. Kuntz, *Law of Oil and Gas,* § 50.3(d) at 281 (1972 ed.). Indeed "[u]nder certain facts, a delay of three months might be considered an unreasonable delay ... while, under certain other facts, a delay of three years might not be considered unreasonable." *Stephens v. Lundy,* 172 Okl. 79, 44 P.2d 843, 845 (1935). Under Arkansas case law, the key factor determining the reasonableness of delay is the presence or absence of injury to the lessor. *See, e.g., McLeon v. Wells,* 207 Ark. 303, 306–07, 180 S.W.2d 325, 326 (1944) ("[m]ere delay without consequent injury is not sufficient to work a forfeiture...."); *Louisiana Oil Refining Corporation v. Haltom,* 188 Ark. 117, 123, 64 S.W.2d 98, 101 (1933) (14–month delay held unreasonable where "we are unable to say that no injury was sustained by the appellee...." because equipment interfered with lessor's ingress and egress to and from his property, and neighboring well would drain lessor's oil unless lessee operated well); *Delk,* 235 Ark. at 202, 357 S.W.2d at 523 (delay upheld where no evidence lessor damaged); *LeCroy v. Barney,* 12 F.2d 363, 365 (8th Cir.1926) (9–10 month delay upheld where no injury resulted from delay).

Defendants allege that the lessors were damaged by Ratliff's abandonment of the well because Ratliff "deprived the Defendants Bobo of the use and benefit of a producing oil well for a period of thirty-one months...." (DRB 4). This assertion, even if true, is not relevant. The question in this case is whether Ratliff's failure to remove the equipment produced harm to the lessor, not whether the abandonment of the well did. The Bobos might have a cause of action for breach of their lease; but that is not the question presented here, and the court declines to rule on it. But forfeiture of the equipment would hardly be an appropriate remedy for breaching the lease.

## II.

Defendants also argue that because the Bobos' assignees had no knowledge of plaintiffs' interest in the equipment, they are *bona fide* purchasers of such equipment, and are therefore entitled thereto even if the Bobos are not so entitled (DB 5–6). This argument is without merit because the equipment never became part of the realty, and therefore the real estate recording acts, and the law with respect to *bona fide* purchasers created by them, are not applicable. Nor are the provisions of the Uniform Commercial Code relevant, nor is any legislation that involves certificates of title. It follows that the common law applies. It requires no citation of authority to prove that at common law a *bona fide* purchaser cut off only latent equitable interests. In this case, the plaintiff is asserting a garden-variety legal interest and the rule "first in time, first in right" therefore applies.

## III.

It follows from the foregoing that judgment ought to be entered in favor of plaintiff.