/ 171
  22 SC   569/
       326/

---

Jennie D. Shellar, Widow, and R. J. McCleery, Guardian of Elmer E., Albert G., Ida F., Mary C. and Margaret A. Shellar, Minors, *v.* James Shivers and Insell Brenell, Appellants.

*Fixtures—Oil lease—Removal of fixtures.*

The casing in an oil or gas well, the derrick and other appliances used in drilling and operating the well are trade fixtures, and may be removed by the owner or lessee during the term of the lease; but they become the property of the landowner if not removed by the lessee during the term, or at least within a reasonable time after its expiration.

The term of an oil and gas lease was for "three years, or as much longer thereafter as oil or gas might be found in paying quantities, with the right in the said lessee to enter upon said premises at any time for the purpose of mining" etc. The lease also provided that the lessee had "the right to remove at any time all machinery, oil well supplies or appurtenances of any kind belonging to the said lessee." The well never produced oil or gas in paying quantities. *Held,* that after the expiration of four years from the date of the termination of the lease, and five years and six months after the well had been completed and found to be of no use, the lessee could not enter to remove the casings from the well.

Argued Oct. 22, 1895. Appeal, No. 183, Oct. T., 1895, by defendants, from judgment of C. P. Washington Co., Nov. T., 1892, No. 401, on case stated. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Case stated to determine the right to remove casings from oil wells.

The facts appear by the opinion of the lower court by Mc-ILVAINE, P. J., which was as follows:

On the 27th day of October, 1892, Samuel M. Shellar was the owner in fee and was in possession of a tract of land situated in Buffalo township containing 255 acres more or less. On that day the defendants entered upon said tract of land against the will and without the consent of the owner Samuel M. Shellar, for the purpose of taking casing out of a hole that had been drilled for oil and gas in the spring of 1887, and of removing other fixtures which had been used in drilling this well which produced neither oil nor gas in paying quantities. The casing and fixtures at the time the well was drilled belonged to the defendants. Samuel M. Shellar, claiming that this entry upon his land for the purpose indicated was unlawful, brought an action of trespass against the defendant on the day of          , 1893. He having died before that action was tried, his heirs and the defendants have agreed upon the facts and have submitted them in the nature of a special verdict for the opinion of the court.

On November 11, 1885, Samuel M. Shellar executed and delivered to J. B. Akin a lease of this 255 acres for oil and gas purposes; the term was for "three years or as much longer thereafter as oil or gas might be found in paying quantities

with the right in the said lessee to enter upon said premises at any time for the purpose of mining," etc. The lease also provided that the lessee had " the right to remove at any time any and all machinery, oil well supplies or appurtenances of any kind belonging to the said lessee."

The lessee and those who claimed under him entered under said lease upon this tract of land and drilled a well, completing it in April, 1887. The well produced neither oil nor gas in paying quantities, and the lessee and his assigns ceased operations on the premises. The engine and boiler used in drilling the well was taken away, but the casing in the well and other fixtures were left and remained on the premises and were there on the said 27th day of October, 1892, when the defendants entered to remove them. The question for determination is, Were the defendants trespassers? Had they a right to remove the fixtures connected with and used in drilling this well which was completed and abandoned as worthless in April, 1887?

The term was for three years from November, 1885, or as much longer as gas or oil is found in paying quantities—that is, as much longer as gas or oil is found in paying quantities, if found before the expiration of the three years : Western Penn. Gas Co. v. George, 161 Pa. 47.

There was no oil or gas found in paying quantities, therefore this lease expired on the 11th day of November, 1888, nearly four years before the defendants undertook to remove the fixtures which they left behind when they ceased operations, and from the time they ceased operations at this well until the expiration of the lease, over eighteen months interval.

I do not think that there can be any doubt that the casing in an oil or gas well, the derrick and other appliances used in drilling and operating it are trade fixtures, and can be removed by the owner or lessee during the term of the lease. On the other hand I think there can be no doubt that they are such fixtures that they become the property of the land owner if not removed by the lessee during the term, or at least within a reasonable time after its expiration. These two propositions are both, of course, subject to modification by the agreement of the parties. Are they modified in this case ? because, if they are not, then the defendants had no right to enter upon the plaintiffs' land for the purpose of removing the fixtures in question. The

lease provides that the lessee shall have "the right to remove at any time any or all machinery," etc.   It is claimed that the words at "any time," must be given their fullest meaning, and that the defendants' right to remove fixtures by agreement of the lessor was unlimited as to time; and that although their entry to remove the casing was made four years after the lease expired and five years and six months after the well was completed and found to be of no use as an oil or gas well, yet their entry and purpose were lawful as they had the right to remove any or all fixtures at any time.

We think that this was not the intention of the parties as gathered from the language of the lease.   The lease was for a fixed period to be extended to an indefinite period, and the extension to depend upon what the future might develop. [The right to enter at any time and the right to remove machinery at any time was predicated of that part of the term that was uncertain, that is, after three years the lessee had the right at any time to enter and drill additional wells, if oil or gas was being produced in paying quantities;] [1] and had the right, although the three years had passed, to remove the machinery and fixtures after or when the well would cease to produce oil or gas in paying quantities.

If this construction is correct then the rule of law as to removal of fixtures would be as in cases where the tenancy is uncertain in duration, as when it depends upon a contingency, and that is, that the removal must be made within a reasonable time; or in other words the law in such cases allows the tenant a reasonable time for the removal of fixtures.   Here the lessees, if oil or gas had been found in paying quantities, would have had a reasonable time within which to draw their casing and remove their derricks after it had become apparent that the operation of the wells was no longer profitable, let this be soon or long after the expiration of the three years; [at any time when they thought it would no longer pay to operate their wells which had been producing oil or gas in paying quantities they had a right to remove the fixtures connected with such wells.] [2]

Under the facts as we have them in this case, however, operations ceased on this lease in April, 1887; a dry hole was found, nothing was done between the completion of this well

and the time when the lease expired in November, 1888, and after that [four years are allowed to expire before an attempt to remove these fixtures was made. In our opinion this was too late.] [3] If, under the words " at any time," the lessee could take four years after the expiration of the lease to remove his fixtures, he could as well take twenty years. [To say that the lessor could prevent this by giving notice that the fixtures must be moved within a certain time is to read something into the contract that is not there.] [4]

[And now, February 5, 1895, judgment is entered upon the facts agreed upon by the parties hereto in the nature of a special verdict in favor of the plaintiffs and against the defendants for six and one fourth cents and costs.] [5]

From this judgment defendants appealed.

*Errors assigned* were (1–5) portions of opinion of the court, quoting them.

*John W. Donnan, R. B. Stone* with him, for appellants.—It is not controverted that fixtures erected on demised premises for the purpose of drilling for oil and gas are to be regarded as trade fixtures, which may be taken away by the tenant even though affixed to the soil or freehold, at any time during the continuance of the term without any stipulation to that effect: Taylor on Landlord and Tenant, sec. 545; Lemar v. Miles, 4 Watts, 332; White v. Arndt, 1 Whar. 91; Watts v. Lehman, 107 Pa. 111; Carver v. Gough, 153 Pa. 228; Hill v. Seward, 53 Pa. 271; Seeger v. Pettit, 77 Pa. 437; Morris' App., 88 Pa. 368; Vail v. Weaver, 132 Pa. 363.

The right to so extend the time for removal of fixtures by contract is recognized by all the authorities; Taylor on Landlord and Tenant, sec. 554; Moody v. Alexander, 145 Pa. 582.

Whether attached to the realty or not, or in whatever manner attached, is immaterial when the parties agree to consider it personal property. Consent will change property otherwise real into personal estate: Shell v. Haywood, 16 Pa. 530; White's App., 10 Pa. 252; Piper v. Martin, 8 Pa. 211; Mitchell v. Freedley, 10 Pa. 198; Harlan v. Harlan, 20 Pa. 307; Bank v. North, 160 Pa. 303; Coleman v. Lewis, 27 Pa. 291; 1 Sugden on Vendors, 183.

Where, as in the present case, the licensee has gone to expense relying upon the license, the licensor is estopped from revoking the license, and thus an easement is created: Rerick v. Kern, 14 S. & R. 267 ; Davis v. Souder, 10 Phila. 113 ; Cumberland Val. R. R. v. McLanahan, 59 Pa. 23 ; Big Mt. Imp. Co.'s App., 54 Pa. 361.

It is irrevocable when coupled with an interest in the land, and assignable with the interest: Goff v. Oberteuffer, 3 Phila. 74 ; 13 Am. & Eng. Ency. of Law, 546 ; Heflin v. Bingham, 56 Ala. 566 ; Sawyer v. Wilson, 61 Me. 529 ; Lockard v. Robbins, 7 Cent. 565 ; 2 Am. & Eng. Leading Cases, 563.

*T. F. Birch,* for appellees.—The intention of the parties is to be ascertained from the entire instrument, not from particular words or phrases without reference to the context, and the instrument shall operate according to the intention unless it be contrary to law : Berridge v. Glassey, 112 Pa. 455 ; Wager v. Wager, 1 S. & R. 374 ; Shields v. Delo, 145 Pa. 395.

The rule to be collected from the several cases decided seems to be this, that the tenant's right to remove fixtures continues during his original term, and during such further period of possession by him as he holds the premises under a right still to consider himself a tenant: Loughran v. Ross, 6 Amer. R. 176.

PER CURIAM, October 24, 1895:

This judgment was entered on the case stated for the opinion of the court, in the nature of a special verdict. The question involved was, whether under the terms of the lease the lessees had the right to remove the material, machinery and fixtures, placed by them upon the property for the purpose of drilling the oil well and remaining there after the expiration of the lease.

In a clear, concise and satisfactory opinion the learned judge rightly held that they had not, and he accordingly entered judgment in favor of the plaintiffs as provided for in the case stated. The correctness of this conclusion is so fully vindicated in the opinion that, without further discussion of the subject, we affirm the judgment on said opinion.

Judgment affirmed.