# Briggs, Appellant, *v.* Elder.

*Oil and gas lease—Term—Rental.*

An oil and gas lease was for a term of nine months, and contained a covenant that it should remain in force, " so long as oil is found in paying quantities, providing all conditions are complied with." The consideration for the grant was a sum of money in cash. The lessees covenanted to go upon the ground, and fully complete one well within nine months from the date of the agreement; and " in case a well is not drilled and completed within nine months, then second parties are to pay the first party twenty-five dollars per month until this lease is surrendered, or oil is found in paying quantities." The lessees never entered upon the ground, did nothing under the agreement, and there were no further dealings between the parties relating to the premises. *Held,* that the lessees could not be compelled to pay $25.00 per month after the term of nine months had expired, and until the written agreement was actually returned to the lessors.

Submitted Oct. 27, 1902. Appeal, No. 216, Oct. T., 1901, by plaintiff, from judgment of C. P. McKean Co., Feb. T., 1900, No. 118, refusing to strike off nonsuit in case of Libbie Briggs and Eli Briggs, her Husband, in right of Libbie Briggs, v. S. H. Elder, G. C. Oviatt and Michael Herzog. Before RICE, P. J.,

BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Assumpsit on an oil lease. Before MORRISON, P. J.

The facts appear by the opinion of the Superior Court.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was refusal to take off nonsuit.

*Eugene Mullin*, of *Mullin & Mullin*, for appellant.

*J. W. Bouton*, with him *F. D. Gallup*, for appellee.

OPINION BY W. D. PORTER, J., March 12, 1903:

The plaintiff seeks to recover, under the covenants of an oil and gas lease, rental for seventeen months after the definite term created by the agreement had expired. The lease was for the term of nine months from November 6, 1897, and contained a covenant that it should remain in force " so long as oil is found in paying quantities, providing all conditions are complied with." The consideration for the grant was the sum of $40.00 paid in cash. The lessees covenanted to go upon the ground and fully complete one well within nine months from the date of the agreement; and further, which is the clause upon which plaintiff bases her right to recover: " In case a well is not drilled and completed within nine months, then second parties are to pay the first parties $25.00 per month until this lease is surrendered or oil is found in paying quantities." This agreement created an estate for a definite term, which could only be enlarged by the discovery of oil in paying quantities within the definite period. The defendants never entered upon the ground, did nothing under the agreement, and there were no further dealings or negotiations between the parties relating to the premises. Had the lessees commenced operations under the agreement and the parties so dealt with the subject-matter as to render it inequitable to require a suspension of operations at the end of the definite term, the covenant of the lessees to pay $25.00 per month until the lease was surrendered might have had some meaning. There was in this case nothing of that nature. The estate created by the lease and all its incidents

determined and ceased, when the definite term came to an end: Western Pennsylvania Gas Company v. George, 161 Pa. 47; Shellar v. Shivers, 171 Pa. 569; Cassell v. Crothers, 193 Pa. 359. The appellants contend that the covenant above quoted imposes upon the defendants a liability to pay $25.00 per month until the written agreement is actually returned to the lessors. We cannot so construe the covenant in question. The surrender of a lease is a yielding up by the tenant of his estate to the landlord, so that the leasehold interest becomes extinct by mutual agreement. The surrender is of the term, and may or may not be accompanied by a redelivery of the instrument which was evidence of the creation of the estate. The plaintiffs seek to recover rental from August 6, 1898, to January 6, 1900; this was all after the term created by the deed had expired; the defendants had no estate to surrender, and the covenant upon which the appellants rely does not sustain their contention.

The judgment is affirmed.