E. S. MYERS, *Appellee,* v. JOHN SHERTZER *et al., a Partnership, etc., Appellants.*

No. 16,465.

SYLLABUS BY THE COURT.

1. MINES AND MINERALS — *Construction of Lease — Rents and Royalties.* Where an oil-and-gas lease provides (1) that the lessee may terminate the lease at any time "by notice in writing or by surrendering the same and discharging the same of record," and (2) that the lessee shall pay a stipulated rental each year until the royalties derived from the sale of oil and gas shall equal or exceed the rental stipulated, the lessor will be entitled to receive the amount of rent agreed upon as long as the lease remains in force and the royalties received do not equal that amount.

2. ———— *Rents Accruing Pending Litigation to Cancel the Lease.* In such a case the lessee completed eight producing wells and then sold all the pipes, machinery and appliances by which the plant was operated, and the purchaser proceeded to remove such appliances from the premises. The lessor commenced an action to enjoin such removal and to cancel the lease, but was defeated in the action. The action was pending over a year, during which time the removal was restrained by a temporary order of injunction granted at the commencement of the action. After this litigation ended the lessor brought an action for rent accruing during the pendency of the injunction proceedings, and recovered. *Held,* that the mere fact that the lessor did not succeed in his action for a perpetual injunction·and to cancel the lease is not sufficient to defeat his action for rent.

Appeal from Neosho district court; OSCAR FOUST, judge *pro tem.·* Opinion filed April 9, 1910. Affirmed.

*John J. Jones,* and *James W. Reid,* for the appellants.
*H. P. Farrelly,* and *T. R. Evans,* for the appellee.

The opinion of the court was delivered by

GRAVES, J.: This action was commenced March 11, 1907, in the district court of Neosho county, by E. S. Myers, to recover rent claimed to be due under an oil-

and-gas lease. The lease was executed June 20, 1903, and by its provisions was to continue for the ·term of ten years, unless sooner terminated by the parties under the stipulations provided in the lease for that purpose. One of the provisions of the lease concerning its termination reads:

"Second party shall have the right at any time to terminate this lease by notice in writing or by surrendering the same and discharging the same of record, and shall thereafter be released from all obligations and liabilities under the same.

"In case said party of the second part shall fail to make the payment or perform the covenants hereinbefore set out then this contract, oil-and-gas lease shall be null and void."

The lease was transferred successively by assignment until the appellants became the owners and holders thereof. The lessee and his successors drilled, cased and completed eight oil wells upon the leased premises, all of which produced oil. The appellants, while in possession of the leased premises, which were located in Wilson county, sold the machinery, pipes, pipe lines, tanks, casing and other appliances of the plant to one J. F. McCandlass, who began to remove them and intended to take all the appliances away from the premises. On May 11, 1906, the lessor commenced an action in the district court of Wilson county perpetually to enjoin such removal and to cancel the lease. The petition for the perpetual injunction contained, among other allegations, the following:

"That the said defendant The New Holland Oil & Gas Company, under said lease drilled, completed, cased and equipped eight (8) oil wells on plaintiff's said land described in this petition, all of which said wells are producing oil wells, and under reasonably fair conditions and under reasonably fair management oil may be produced from said wells at a profit.

"That on or about October 1, 1905, the defendant The New Holland Oil & Gas Company, and all of said defendants, abandoned said lease and property, and

have ever since said time abandoned the same. Pursuant to said abandonment the other said defendants sold to the defendant J. F. McCandlass the power house, pipe, pipe lines, casing and other property and fixtures on said lease, and said McCandlass has been engaged in removing said power plant and surface pipe lines and pipes from said lease for several days and threatens and intends to pull the casing from said wells, which act, if done, will ruin and destroy said wells and will render them valueless, to the great and irreparable injury and damage to this plaintiff, and to the said land, for which said damages the plaintiff has no adequate remedy at law.

"That said defendant J. F. McCandlass is threatening to remove the casing from said wells at once, and will do so unless restrained and enjoined by order of this court from so doing."

To this petition the defendants filed an answer which consisted of a general denial. The court granted a temporary injunction, but on final trial refused to make the order perpetual. The lease contained a provision which reads:

"Said second party shall have the right to erect, lay, maintain and remove all pipe, pipe lines, machinery and structures necessary for the production, transportation and preservation of oil and gas produced on said premises, provided, that said first party shall have the right to purchase any of said pipes, when said second party desires to remove the same, at the cost of new pipe at such time, and in that event said pipe shall not be removed."

Under this clause of the lease the court ascertained the value of the casing and granted a perpetual injunction against its removal, provided the lessor would pay the ascertained value therefor. Further than this the relief prayed for by the plaintiff was denied, and judgment for costs was rendered against him.

The judgment in the action for injunction was entered February 6, 1907, and this action for rent was commenced in Neosho county the 11th of the following March. There is a provision in the lease which reads:

"Said party of the second part agrees to pay said

party of the first part a rental of two dollars per acre each six months from this date, by depositing the same to the credit of the said E. S. Myers at the National Bank of Chanute, Kansas, on or before the 20th day of June and December, 1903, and on or before the 20th day of June and December of each year thereafter until the royalties derived from the sale of oil or gas from said premises shall equal or exceed said rentals."

There is no controversy about the amount of rent claimed. The contention of the appellants is that no rent whatever should be allowed. The reason for this contention is that at the time the action in Wilson county was commenced no rent was due; that during the pendency of that litigation the appellants were compelled as a matter of self-preservation to contest it or be defeated in the action. This may be true, but if it is it will hardly justify the conclusion contended for by the appellants. The lessee had the right to terminate the lease at any time, which would have ended the duties and liabilities of each party thereunder. By the terms of the lease the lessor had a right to expect the stipulated rent as long as the lease was in force. The lessee failing to terminate the lease as he might have done, the appellee attempted to accomplish this end by the action in Wilson county, which attempt was defeated by the resistance of the appellants. When the lessor saw that the plant of eight producing oil wells was about to be rendered worthless by the removal of the machinery, piping, casing and other appliances by which it was operated, he very naturally took legal steps to protect his rights under the lease, which he had an undoubted right to do. In exercising this right, however, he sought a remedy which the court, after protracted litigation, refused. A man is not bound at his peril to succeed in every legal action he commences. If he acts in good faith and makes a mistake as to his legal rights he satisfies the full legal penalty therefor when he pays the costs adjudged against him. The good faith of the lessor is not disputed.

Myers v. Shertzer.

The real justification for the resistance of the appellants to the Wilson county action and the refusal to pay rent during the time such litigation was pending is stated in the brief as follows:

"It is contended by the defendant in error that because plaintiffs in error insisted that the lease had not been abandoned, and did not surrender the same of record prior to the decision of that case, that they are estopped from saying that they should not pay the rental. For the plaintiffs in error to have surrendered the lease of record at any time prior to the trial of said cause in Wilson county would have put them in the position of attempting to defend in court in that case the title to property which they 'had relinquished; for them to have admitted its abandonment in October, 1905, without removing the material would have carried with it the material itself, and they would have been liable in damages to the purchaser of the same, and would have lost the said material and its value. The only thing, then, plaintiffs in error could have done, in view of the allegations of defendant in error's petition in that case, was to contest the suit for abandonment in October, 1905, and go to the expense of seeking to have the restraining order, which was wrongfully issued, set aside."

This statement of the disastrous consequences which would have resulted to the appellants we think somewhat overdrawn. The action in Wilson county was of an equitable nature, being for injunction and to cancel a written contract. The court had complete jurisdiction of the parties and of the subject matter. If the appellants had, instead of a general denial, filed an answer stating fully all the facts involved in the controversy, they could safely have relied upon the court as chancellor to adjust the differences involved so as to do exact and even-handed justice to all parties concerned. Under the circumstances we can not say that the conduct of the lessor was so far wrongful that he ought to be deprived of the rent due under the lease. Doubtless either party might have prevented this long and expensive litigation by a little business diplomacy

at the commencement of their difficulties, but they chose to abide by the results of a lawsuit.

We see no error in the judgment of the district court, and it is affirmed.