## Patton v. Woodrow.

(Decided March 2, 1923.)

### Appeal from Wayne Circuit Court.

1. Fixtures—Instruction Allowing Recovery for Deterioration of Machinery Left on Lease Held Erroneous Under Pleadings and Evidence.—In an action by an oil lessee against the lessor to recover possession of the machinery and fixtures left upon the lease by the lessee and damages for their detention, an instruction directing the jury to return a verdict for plaintiff for the amount of his damages, plus the deterioration of the machinery, was erroneous, where the petition did not aver that the machinery had deteriorated in value after plaintiff had abandoned the premises, and no evidence was offered to prove such deterioration.

2. Appeal and Error—Error in Instruction, Not Made Ground for New Trial, Cannot be Considered.—Error in an instruction cannot be considered on appeal, where appellant did not make it a ground in his motion for a new trial.

3. Fixtures—Fixtures and Machinery Left on Lease More Than Reasonable Time After Termination Belong to Lessor.—The lessee of lands for oil and gas purposes must remove all fixtures and machinery placed by him on the premises during the term of the lease, or at least within a reasonable time thereafter, and, if that is not done, they become the property of the lessor, even .though the lease expressly reserved the right to remove them.

4. Fixtures—What is Reasonable Time Within Which to Remove Machinery From Oil Lease is Jury Question.—What is a reasonable time after the termination of an oil and gas lease within which .the lessee must remove his machinery and fixtures to. prevent their becoming the property of the lessor is a question of fact for the jury. •

BERTRAM & BERTRAM for appellant.

DUNCAN & BELL for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—
Reversing.

Appellant Jesse Patton and wife, in the year 1904, executed and delivered an oil and gas lease on a tract of 500 acres of land in Wayne county oil fields, which lease by assignment later came into the hands of appellee Woodrow. It was for the term of ten years, and as long thereafter as oil and gas were produced from the premises in paying quantities. Several wells had been drilled upon the premises before appellee Woodrow became the owner of the lease. Later he drilled four or five wells, only one of which produced oil in what was considered paying quantities. Other wells on the premises were pumped for some time and the oil sold therefrom. The pumping and marketing of oil, however, ceased about the year 1914 or 1915. The lease expired in 1914, or at least as soon thereafter as the lessee ceased to produce oil and gas therefrom in paying quantities. ;On the lease was quite a bit of oil well equipment, including pipe, well casing, tubing, pumping apparatus, tanks and gasoline engine: Some of it was placed there as early as 1905 or 1906, and the balance at different times up to 1915. Appellee Woodrow completed another well on the premises about May, 1918. It was dry. This discouraged him and he gave up the lease and went away, leaving his supplies mentioned above on the premises. In 1920, about two years after he abandoned the lease, he demanded of appellant Patton, the owner of the lands, the possession of all of said fixtures and machinery, but appellant declined to allow ap-

pellee to remove the same at the time, saying that appellee had waited too long and the property had vested in appellant as the owner of the land. Thereupon this suit was commenced by appellee Woodrow against appellant Patton to recover all said fixtures and machinery and $1,000.00 damages for the wrongful detention. It was by claim and delivery. Appellant Patton answered and asserted title to the fixtures. Issue was joined and a jury trial had at which the court peremptorily directed the jury to find and return a verdict for the appellee Woodrow for all the said fixtures and machinery, together with such damages as appellee had sustained by the wrongful detention of said property by appellant, if any, plus the *deterioration,* if any, and the reasonable expense, if any, which plaintiff had been put to in the recovery of said property. Appellant objected to each of the instructions and his objection was noted at the conclusion of each separate instruction, but his objection was overruled. He later filed his motion and grounds for a new trial in which he set out as ground number two, "Because the court erred in the giving of instruction number two to the jury, to which defendant excepted and objected at the time," but he did not move for a new trial on the ground that instruction number one, which was a direction to the jury to find for his adversary on the whole case.

Instruction number two was erroneous because it peremptorily directed the jury to find damages for the appellee Woodrow and because it allowed the recovery of damages for the deterioration in value of the fixtures and machinery while on the premises of appellant, after appellee had abandoned the lease, when there was neither pleading nor proof to support such instruction or to justify such finding. The petition did not aver that the fixtures and machinery had deteriorated in value from the time appellee Woodrow abandoned the premises up to the time of the bringing of the action, and no evidence was offered to prove such deterioration. Necessarily instruction number two was prejudicial to the rights of appellant Patton. Instruction number one was also erroneous, but we cannot consider that because appellant did not make it a ground in his motion for a new trial. Miller's Appellate Practice, p. 89, and cases there cited.

The general rule, which is the one adopted by this court, requires the lessee of lands for oil and gas purposes to remove all fixtures and machinery placed on the premises during the term of the lease or at least within a

reasonable time thereafter. If this is not done, the fixtures and machinery become the property of the lessor, and he may enjoin their removal. If severed from the freehold and then removed without his consent, he may replevin them, or recover their value in an action for damages. This is true whether the lessee expressly reserved the right or not. Thornton on Oil and Gas, 3rd edition, pp. 348 and 1159; Sheller v. Shivers, 171 Pa. 569; Cassell v. Crothers, 193 Pa. St. 359; Silver v. Globe Window Glass Co., 21 Ohio Cir. Ct. Rep. 284; Myers v. Shertz, 82 Kans. 275; Gartlan v. Hickman, 56 W. Va. 75.

In the case of Sheller v. Shivers, *supra,* it was held that the casing in an oil and gas well, the derrick and other appliances used in drilling and operating the well are trade fixtures and may be removed by the owner or lessee during the term of the lease; but they become the property of the landowner if not removed by the lessee during the term or at least within a reasonable time after its expiration. Monarch Oil & Gas Co. v. Hunt, 193 Ky. 315.

Clearly the trial court was in error in directing the jury to find and return a verdict for the appellee Woodrow, the evidence being conflicting. The fixtures and machinery sued for by appellee Woodrow belonged to him, and he was entitled to remove them only in case he offered to do so within a reasonable time after the surrender of the lease, otherwise they belonged to the owner of the land, and appellee had no right to take them. What constitutes a reasonable time in which to do such thing is a question of fact. It follows as a corollary that if appellee Woodrow was not entitled to the fixtures and machinery he was not entitled to damages for their detention.

For the error in instruction number two above pointed out, the judgment must be reversed for a new trial.

Judgment reversed.