## Kentucky Block Cannel Coal Co. v. Stacy et al.

(Decided Nov. 6, 1936.)

**60**

W. M. GARDNER and S. MONROE NICKELL for appellant.

FLOYD ARNETT and H. H. RAMEY for appellees.

OPINION OF THE COURT BY JUDGE STITES—Reversing.

On September 17, 1916, the appellant, Kentucky Block Cannel Coal Company, executed an oil and gas lease to one John G. White covering certain property which it owned in Morgan county, Ky. Under the terms of the lease, the lessee was to begin drilling for oil and gas on or before October 25, 1916, and was to carry the development of the lease to completion as promptly as possible. The term of the lease was to continue "during the period in which oil or gas, or either of same, is produced or marketed from said property." The lease also gave to the lessee "the right to use gas and water from said land in operation thereon, and the right to remove, *at any time,* any and all property placed by lessee in or upon said premises." The lessee and his assignee completed three wells, and oil and gas were marketed therefrom until 1929. No effort was made to produce or market oil and gas after 1929, and all of the equipment belonging to the lessee was removed, with the exception of the casing, tubing, and tubing rods within the three wells. On June 15, 1932, the lease was assigned to one G. A. Mohney. Some time in 1930 or 1931 Mohney entered upon the leased premises and worked on them for perhaps as much as a month, but did not get the wells into operation nor produce any oil or gas. Under date of September 9, 1933, Mohney wrote to the appellee Cleve Stacy from Oak Hill, West Virginia, asking Stacy to advise him of the condition of the leased property, and saying:

> "If the pipe line is still in and everything is O. K., I am going to move a little machine in up there and fix up the lease."

The record does not show whether or not the pipe line was then removed, but it does indicate that Mohney made no further effort to operate the property. Under date of January 19, 1934, the general manager of the Kentucky Block Cannel Coal Company wrote to Mr. Mohney:

"Referring to oil and gas leases on which you once worked on our Caney and Brushey Creek lands. Apparently you have definitely abandoned these leases, as nothing has been done on them for several years, and equipment has been moved or allowed to become unusable. To avoid our having to bring a formal suit to cancel these leases, kindly send us your release and cancellation of any and all leases on our property, which you may at any time have had any sort of interest in. Kindly let me hear from you at once."

In response to this letter, Mr. Mohney wrote under date of February 16, 1934, in part as follows:

"On account of depressed conditions I was unable to make or get enough money to enable me to put the property in shape to operate. I will be through here about the 15th of April, and I intend to go to Cannel City about the first of May and go to work on those wells."

Mohney, however, did not go to Cannel City, and made no effort to operate the property.

On October 3, 1935, Mohney executed a bill of sale and sold to appellee Cleve Stacy the tubing and casing remaining in the three wells, and Stacy thereupon commenced removing this material from the property. Thereupon this suit was filed by the appellant, and a temporary injunction was issued enjoining the further removal of the equipment. The trial was had before a jury, and at the conclusion of the plaintiff's testimony the court directed a verdict for the defendants, on the ground that the right given to the lessee to remove machinery and fixtures placed on the lease *at any time* was still operative, and that Stacy was entitled to the property which he had purchased. Whether or not the trial court erred in its construction of the terms of the lease is the only question with which we are concerned.

The courts are not in entire accord as to the right of a tenant under a mineral lease to remove fixtures

placed by him on the property after the term of the lease has expired. In Patton v. Woodrow, 198 Ky. 85, 248 S. W. 226, 227, it is said:

"The general rule, which is the one adopted by this court, requires the lessee of lands for oil and gas purposes to remove all fixtures and machinery placed on the premises during the term of the lease, or at least within a reasonable time thereafter. If this is not done, the fixtures and machinery become the property of the lessor, and he may enjoin their removal; if severed from the freehold, and then removed without his consent, he may replevin them, or recover their value in an action for damages. This is true where the lessee expressly reserved the right to remove them. Thornton on Oil & Gas [3d Ed.] pp. 348, 1159; Shellar v. Shivers, 171 Pa. 569, 33 A. 95; Cassell v. Crothers, 193 Pa. 359, 44 A. 446; Siler v. Globe Window Glass Co., 21 Ohio Cir. Ct. Rep. 284; Myers v. Shertzer, 82 Kan. 275, 108 P. 105; Gartland v. Hickman, 56 W. Va. 75, 49 S. E. 14, 67 L. R. A. 694. * * *

"Clearly the trial court was in error in directing the jury to find and return a verdict for the appellee, Woodrow; the evidence being conflicting. The fixtures and machinery sued for by appellee, Woodrow, belonged to him, and he was entitled to remove them only in case he offered to do so within a reasonable time after the surrender of the lease; otherwise they belonged to the owner of the land, and appellee had no right to take them. What constitutes a reasonable time in which to do such thing is a question of fact."

In discussing the case of Shellar v. Shivers, 171 Pa. 569, 33 A. 95, in Thornton on Oil and Gas (5th Ed.) sec. 1054, the author thus epitomizes the decision of the court:

"Where a lease of ground was given for three years and as much longer as oil or gas was found in paying quantities, with the right to remove all fixtures 'at any time', it was held that the fixtures must be removed within a reasonable time after the time it was determined that neither oil nor gas could be secured in paying quantities; and that the phrase 'at any time' could not be stretched so as to include

an unreasonable length of time after the lease had in fact terminated."

These authorities, point the way quite clearly to the proper solution of the controversy before us. There can be no question under the proof introduced by the plaintiff but that the lease here in question was abandoned by the lessee. Of course, if on a retrial the defendants should introduce proof to the contrary, it will be for the jury to determine whether or not an abandonment actually took place. We do not, therefore, undertake in this opinion to determine the date when it may be that the property was in fact relinquished. Certainly, the question of what is or what is not a reasonable time following the abandonment is, under the decision in Patton v. Woodrow, supra, a question for the jury under the circumstances.

The case of Duff v. Bailey, 96 S. W. 577, 29 Ky. Law Rep. 919, relied on by appellees, is out of harmony with the later case of Patton v. Woodrow, supra, to the extent that it decides that title to fixtures left on leased property an indefinite time after the lease has been terminated remains in the tenant, and must be considered to that extent to have been overruled by the later opinion.

It is argued, however, that the rule announced in Patton v. Woodrow is applicable only after the surrender, forfeiture, or termination of the lease, and that there has been no surrender, forfeiture, or termination of the lease here involved. Whether or not the lease has been ended is, as we have pointed out above, a question of fact to be determined by the jury should the proof on that question be conflicting. Certainly, so far as the present appeal is concerned, the proof very clearly indicates that the premises were in fact abandoned and the lease was terminated. It is unnecessary here to consider whether the lease terminated by virtue of its own provisions, or, as a matter of law, as a result of the abandonment. In either event, the tenant had a reasonable time, and no more, within which to remove the fixtures.

Judgment reversed.