## Ellis v McCormack.

March 4, 1949.

Moore & Bratcher and Otto .C. Martin for appellant.

Myers, Bilyeu & Chyle for appellee.

OPINION OF THE COURT BY CLAY, COMMISSIONER—Reversing.

This action was brought by appellee to recover from appellant the value of coal slack which the latter allegedly converted to his own use and sold. The case was tried before a jury which returned a $750.00 verdict for .appellee, half the amount claimed.

In October 1935 appellee's assignor leased from appellant's brother a 25 acre tract of land for the purpose of mining coal thereunder. The lease provided a royalty for all "lump and nut coal" mined on the premises. Its term was five years, with the right to extend it for the same additional period. The lessee was to operate the mine continuously, or as nearly so as practicable. The lessee was given the right, at the expiration of the. lease, to remove steel railings, cars and buildings; and all other equipment was to revert to the lessor. The lease was assigned to appellee, and coal was mined from this property until October 1939. On October 25 appellee sold practically all of his equipment to appellant, reserving in a written memorandum the steel and cars "unless sold to (appellant) long as he wants to move his stuff."

There was a slack pile at the opening of the first mine operated by appellee. It remained there until December 1946. At that time appellant sold it for $1500.00, which he states he paid directly to his brother, the owner of the land. It appears that shortly before this sale appellee had tried to persuade appellant to go in partnership with him and dispose of it on an equal shares basis.

On this appeal appellant argues a number of propositions, but we deem it only necessary to consider his right to a peremptory instruction.

As noted, in October 1939 appellee sold to appellant

his equipment except the steel in mine No. 2 and his cars. According to the memorandum he also expected to sell these latter items to him. He ceased mining under the lease. He effectively terminated it. No mention was made of the slack pile. His contention that he assigned the lease to appellant is not substantiated. Had he done so the slack pile would perhaps have gone along with the lease.

We think this is a clear case of abandonment. It consists of two elements: (1) voluntary relinquishment of possession, and (2) intent to repudiate ownership. The latter may be inferred from the former where the facts justify it. 1 Am.Jur., Abandonment, Sections 8 and 13.

Lapse of a long time after relinquishment of possession is significant evidence of the intention to abandon. In the present case appellee did not assert ownership of this slack pile for over seven years after he left it on the premises of another. This factor coupled with this action in disposing of his mining equipment, without making any mention of the then worthless property, conclusively establishes that appellee had abandoned it, both physically and mentally. See Fidelity-Philadelphia Trust Co. v. Lehigh Valley Coal Co., 294 Pa. 47, 143 A. 474.

Appellee contends that when he sold the equipment to appellant he reserved the right as long as he wanted to remove "his stuff," and this referred to the slack. The reference to "stuff" is practically meaningless, and if it relates to anything, it covers only the type of property about which the parties had negotiated.

The evidence is convincing that this slack had very little, if any, value in 1939, and apparently it never occurred to appellee to claim it or wish to sell it until the coal strike in 1946 when it suddenly had some value.

The principle involved in the right of a lessee under a mineral lease to remove fixtures is applicable here. Even though the property originally belonged to the lessee, he forfeits his right thereto if he does not remove it from the leased premises at least within a reasonable time. Kentucky Block Cannel Coal Co. v. Stacy et al., 266 Ky. 59, 98 S.W.2d 61. What constitutes a reasonable

time is usually a question of fact to be determined by a jury, and that question was submitted in this case. However, the facts and circumstances point so conclusively to an abandonment of the slack pile as to leave no room for a supportable contrary determination. The Court should have directed a verdict for appellant.

For the reasons stated, the judgment is reversed for proceedings consistent herewith.