460

Ernie DAVIS et al., Appellants,

v.

Charles F. HOWARD, Appellee.

Court of Appeals of Kentucky.

March 11, 1955.

R. B. Bertram, Monticello, for appellants.

Bruce H. Phillips, Monticello, for appellee.

SIMS, Justice.

The sole question for determination is whether the trial court erred in giving appellee, Charles F. Howard, until February 1, 1954, to remove his oil well equipment from the lands of appellants, Ernie Davis and wife, after judgment was entered on November 23, 1953, canceling the lease on account of appellee having abandoned it.

An oil and gas lease had been executed in 1907 covering the 50 acre farm in Wayne County which is now owned by appellants. The lease provided it should remain in force and effect for a period of 20 years and as long thereafter as oil or gas is produced therefrom in paying quantities. In 1950 appellee acquired this lease and other oil properties from Wood & Son for $50,000. At that time there were three pumping wells on the lease. But appellant, Ernie Davis, in his testimony referred to appellee unhooking and removing the power from wells 14 and 16, so we presume 16 wells had been drilled and equipped on appellants' farm. However, the record is not clear on this point.

Appellee was content to operate the lease without further drilling, and the last royalty check received by appellants was for $4.90 in May 1952. In January 1953, appellants served notice on appellee that they were claiming the lease and equipment by reason of appellee having abandoned same. On July 31, 1953, appellee brought this action against appellants asking that the court adjudge the lease to be in full force and effect, and to enjoin appellants from interfering with his operating it.

The case was heard before the court without a jury. Appellee testified he had not abandoned the lease and had no intention of so doing and was studying and planning to use a method known as "secondary recovery" on it. By this same method he had brought production back from nothing to 3000 barrels per month on the S. J. Bell lease in the same community. It must not be overlooked that we are not concern-

ed with whether or not the court erred in canceling the lease, since appellee prosecutes no cross-appeal. Our sole concern is with the correctness of the court's ruling that appellee should have 67 days after the judgment, or until February 1, 1954, to remove the equipment.

■ The established rule in this jurisdiction is that the lessee of oil and gas lands must remove all his fixtures and machinery placed on the premises during the term of the lease, or within a reasonable time after the lease is terminated, otherwise such equipment becomes the property of the landowners; and what constitutes a "reasonable time" is a question of fact to be determined from the facts and circumstances surrounding each particular case. Patton v. Woodrow, 198 Ky. 85, 248 S.W. 226; Kentucky Block Cannel Coal Co. v. Stacy, 266 Ky. 59, 98 S.W.2d 61; Bain v. Graber, 271 Ky. 393, 112 S.W.2d 66.

■ The suit appellee filed against appellants on July 31, 1953, wherein he asked the court to declare the lease in full force and effect and to enjoin appellants from interfering with him in operating it, shows his faith in his position that he had not abandoned the lease. When the court adjudged the abandonment on November 23, 1953, and then gave appellee until February 1, 1954, to remove his equipment, appellants can hardly be heard to say appellee was given more than a reasonable time to remove same. As shown in the paragraph above, what constitutes a "reasonable time" is a question of fact.

This case was filed after July 1, 1953, therefore it was tried under the Civil Rules. Rule 52.01 provides that in a trial before the court without a jury the judge's finding of fact will not be set aside unless clearly erroneous. We do not think the judge's ruling was at all erroneous, and under no stretch of the imagination can it be said to be clearly erroneous.

The judgment is affirmed.