## Haut v. Carlson (No. 2)

*William R. Mervine,* for plaintiff.

*Hampson & Hampson,* for defendants.

WOLFE, *P.J.,* June 26, 1975—Plaintiff has petitioned the court requesting he be permitted, despite the refusal of defendants, to remove items of personal property from leased premises on defendants' property existing there by reason of six oil and gas wells.

This matter was before the court on a prior case to August term 1974, no. 14, as a result of a quiet title action brought by defendants against plaintiff, resulting in an order of this court on February 13, 1975, that the oil and gas lease existing between the parties had terminated by its term by failure of production of oil or gas in paying quantities. The lease did not spell out specifically the time in which the lessee, plaintiff herein, would have to remove

the casing and tubing as well as other items of personal property from the leased premises which plaintiff now asserts is valued at $6,000. Defendants have refused plaintiff access to their property, taking the position a reasonable time has expired because there was no production from the premises since April 1973 and that the "reasonable time" to remove the personal property commenced running on that date rather than the date of the court order of February 13, 1975.

In Shellar et al. v. Shivers et al., 171 Pa. 569, 33 Atl. 95 (1895), it was held the casing in an oil or gas well as well as the derrick and other appliances used in drilling are trade fixtures and may be removed by the owner or lessee either during the term of the lease or within a reasonable time after its expiration. We interpret a "reasonable time" in relation to all of the attending circumstances. At the original hearing to August term 1974, no. 14, the lessee was of the opinion the lease had been sold at a sheriff's sale against other leases he owned and, therefore, did not make any effort to produce the property and after discovering the lease had not been sold attempted to negotiate with the lessors to put the lease to production, which was refused, this court holding the lessee had literally abandoned the lease.

The facts in the instant case reveal that commencing on or about March 10, 1975, counsel for both parties entered into negotiations for the sale of the equipment to the lessors which was not consummated and which, therefore, resulted in the current action. The lessee made efforts shortly after February 13, 1975, to acquire a competent party to pull and plug the wells, which he was unable to do, but now testifies he has acquired a party equipped

to perform this task and that it can be done within 60 days.

The law abhors a forfeiture and we are of the opinion it would not be just to declare a forfeiture against the owner of this equipment under these facts and the history of this case; however, we are of the opinion that a definite date must be set down for the removal and proper plugging of the wells, and in the absence thereof a forfeiture shall be declared and we, therefore, enter the following.

## ORDER

And now, June 26, 1975, plaintiff is authorized and directed to remove all equipment from six wells being and situate on premises of defendants by reason of a certain oil and gas lease dated June 15, 1963, and recorded in deed book 328, page 478, within 40 days from the date hereof.

Plaintiff-owner, after removing the casing and other equipment from the wells, shall not remove the equipment from the leased premises until all wells have been plugged in accordance with the Act of July 31, 1968, P. L. 881 (No. 265), known as the Gas Operations Well-Drilling Petroleum and Coal Mining Act and particularly section 2205(b) as pertaining to wells abandoned in an area not underlining a workable coal seam, 52 P.S. §2205(b).

After the wells have been properly plugged, plaintiff shall remove the stored equipment from the premises forthwith.

In the event lessee does not comply with the foregoing order and within the time provided, the lessee shall forfeit all of the equipment and it shall thereafter be the equipment of the lessors.