**John KELLEY, Appellant,**

v.

**NATIONWIDE AUTO RESTORATION, LLC, Appellee.**

No. 2006–CA–001343–DG.

Court of Appeals of Kentucky.

Aug. 3, 2007.

Discretionary Review Denied by Supreme Court March 12, 2008.

Case Ordered Published by Supreme Court March 12, 2008.

David B. Mour, Borowitz & Goldsmith, PLC, Louisville, KY, for appellant.

Arthur W. Chalmers, Louisville, KY, for appellee.

Before ABRAMSON, ACREE, and WINE, Judges.

*OPINION*

ABRAMSON, Judge.

This matter is before us on discretionary review of that portion of a May 31, 2006 Opinion and Order of the Jefferson Circuit Court affirming in part a May 10, 2005 judgment of the Jefferson District Court. The District Court's judgment included a finding that Appellant John Kelley had abandoned certain automotive parts from a dismantled 1955 Jaguar and that Nationwide Auto Restoration, LLC, was now the rightful owner of those parts. On appeal, the Circuit Court rejected Kelley's argument that in so ruling the District Court had granted injunctive relief and thus had improperly exercised equity jurisdiction reserved to Kentucky's circuit courts. Finding no error in the Circuit Court's decision to affirm that part of the District Court's judgment, we also affirm.

In 1994, Kelley asked Nationwide to refurbish and restore his dilapidated 1955 Jaguar XK–140. The parties agreed that the restoration would require Nationwide to dismantle the vehicle and strip it of

paint. The parties also agreed that Kelley would be responsible for purchasing replacement parts that would be necessary for rebuilding the vehicle. Shortly thereafter, the Jaguar was dismantled and stripped of paint but no further work was performed.

In a complaint filed in Jefferson District Court on February 24, 2005, Nationwide alleged that over a period of eleven years, it had tried on numerous occasions to have Kelley either pay for the replacement parts or retrieve the various Jaguar parts in its possession. Nationwide asserted that Kelley never responded to any of these requests and, moreover, never paid the storage fees incurred for storing the parts for eleven years.

Although Kelley was served with a copy of the complaint, he failed to respond. As a result, Nationwide sought and was awarded a default judgment against him on May 10, 2005. The judgment granted Nationwide $1,275.00 for its storage fees, interest and costs, and further declared that Kelley had abandoned the Jaguar parts to Nationwide. After the appeal time expired, Nationwide sold the parts.

On March 24, 2006, Kelley moved to set aside the default judgment. In addition to other claims, Kelley contended that the District Court lacked the jurisdiction to declare the Jaguar parts abandoned and to recognize Nationwide as their rightful owner. According to Kelley, such an order is injunctive relief that exceeds the jurisdiction granted to Kentucky's district courts. On April 6, 2006, the District Court denied the motion.

On appeal, the Circuit Court affirmed that portion of the judgment that awarded possession of the Jaguar parts to Nationwide. In doing so, the Court held:

The Court agrees with the District Court finding that the parts themselves no longer constitute a "Jaguar" vehicle because it could not be driven, even under reasonable repair.... Mr. Kelley left the parts with Nationwide and its predecessor for over eleven years and never moved forward with his plan to build a refurbished Jaguar. The District Court was correct in labeling such an act as "abandonment" because the parts lay unclaimed for an extended period of time, no order or payment was given for their use and Mr. Kelley failed to pay for their storage until April 2005.... It was reasonable for the District Court to infer Mr. Kelley's intent to abandon those parts and grant Nationwide the right of ownership, which included the right to discard or sell them.

The Court does not believe that the finding by the District Court that the vehicle parts were abandoned equaled an order of an injunction. The District Court did not act with error by failing to reverse this portion of the default judgment.

When the Circuit Court subsequently denied a motion by Kelley to alter, amend or vacate the May 30, 2006 order, this appeal followed.

Before us now is the single question of whether the Circuit Court erred when it affirmed the District Court's conclusion that Kelley had abandoned the Jaguar parts to Nationwide. Kelley argues that the District Court, in concluding that Nationwide was the proper owner of the abandoned auto parts, fashioned a form of equitable relief that exceeds it statutory jurisdiction. We disagree.

■ Kentucky Revised Statute (KRS) 24A.120 sets forth the limits of district court jurisdiction. This statute states, in pertinent part:

District Court shall have exclusive jurisdiction in:

(1) Civil cases in which the amount in controversy does not exceed four thousand dollars ($4,000), exclusive of interest and costs, except matters affecting title to real estate and matters of equity....

Obviously, Kelley is correct in his assertion that district courts are prohibited from entertaining "matters of equity." However, the Jefferson District Court did *not* violate this prohibition when it found that Kelley had abandoned the Jaguar parts at issue because in so ruling it did not exercise equitable powers.

 "Abandonment" is the relinquishment of property with the intention of not reclaiming it or reassuming its ownership or enjoyment. *Ellis v. Brown,* 177 F.2d 677, 679 (6th Cir.1949). More specifically, under Kentucky law abandonment consists of a voluntary relinquishment of possession along with an intent to repudiate ownership. *Ellis v. McCormack,* 309 Ky. 576, 218 S.W.2d 391, 392 (Ky.1949). The intent to repudiate ownership may be inferred when the facts justify it, and the lapse of a long period of time following relinquishment of possession constitutes significant evidence of the intention to abandon property. *Id.* In *Ellis,* our highest court held that it was "a question of fact to be determined by a jury" whether a coal slack pile had been abandoned by a lessee who had left it on the lessor's land for over seven years. After acknowledging the factual determination required, the Court of Appeals continued: "However, the facts and circumstances point so conclusively to an abandonment of the slack pile as to leave no room for a supportable contrary determination." *Id.* Equitable issues are clearly *not* triable by juries, *Elliott v. Pikeville National Bank & Trust Co.,* 278 Ky. 325, 128 S.W.2d 756 (1939), and thus *Ellis* appears to completely undermine Kelley's contention in this case that the District Court was exercising equity powers when it deemed the automotive parts abandoned.

Even if we were to parse the District Court's judgment and look beyond the declaration of abandonment to the Court's recognition of Nationwide as the rightful owner of the automotive parts, we still do not find any basis for characterizing the District Court's judgment as equitable. The fundamental principles regarding ownership of abandoned property are succinctly set forth in 1 Am.Jur. 2nd *Abandoned, Lost, and Unclaimed Property* § 24 (2007).

Property which is abandoned becomes subject to appropriation by the first taker or finder who reduces it to possession. Such person thereupon acquires absolute ownership in the property abandoned, as against both the former owner and any person upon whose land it happens to have been left.

(Citations omitted.) In other words,

[p]ersonal property, upon being abandoned, ceases to be the property of any person, unless and until it is reduced to possession with the intent to acquire title to, or ownership of, it. Such property may, accordingly, be appropriated by anyone, if it has not been reclaimed by the former owner, and ownership of it vests by operation of law, in the person first lawfully appropriating it and reducing it to possession with the intention to become its owner, provided such taking is fair.

1 C.J.S. *Abandonment* § 12 (1993). Thus, ownership of abandoned property vests in the possessor by operation of law and a court need not resort to its injunctive or equitable powers in order to recognize that ownership. Although Kelley strongly contests this point, he offers no legal basis for his contrary position beyond the definitions of "equitable remedy" and "injunction" contained in *Black's Law Dictionary.*

Those general definitions are simply insufficient to contravene established law regarding abandoned property.

In conclusion, the District Court did not exceed its jurisdiction when it adjudicated the abandonment and ownership of the automotive parts at issue. In holding that Kelley had abandoned the Jaguar parts to Nationwide, the District Court was not fashioning equitable relief, but rather was merely acknowledging Nationwide's legal claim to the parts following Kelley's abandonment of the property. We therefore affirm both the Jefferson Circuit Court's May 31, 2006 Opinion and Order and its June 7, 2006 Order denying Kelley's motion to alter, amend or vacate.

ALL CONCUR.